■ GERALD WEESE et al., Appellants, v VILLAGE OF MEDINA, Respondent. — Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiffs' purchase offer for a building lot located in the Village of Medina was conditioned on the property being zoned for constructing a home. Operating under the belief that the property could not be zoned residential unless connected to defendant's sewer lines, plaintiffs requested that defendant's zoning and code enforcement officer verify the existence or absence of a public sewer adjacent to the property. They were informed that a public sewer ran adjacent to the premises, and were issued a residential building permit as well as a permit to install and connect a building sewer to the public sewer. When plaintiffs arranged for the connection of the residence sewer line to the public sewer, it was found no such public sewer existed adjacent to their premises; it was necessary for a trench to be excavated for a connection to the nearest public sewer line. Plaintiffs commenced this action to recover the cost of the excavation, alleging negligence against defendant in providing the alleged misinformation. Upon motion by defendant, the complaint was dismissed for

failure to state a cause of action on the ground that the zoning and code enforcement officer was under no duty to use due care. The complaint against the village stated a valid cause of action for negligence and should not have been dismissed. Although a municipality may not be required to provide a function merely because it was requested, once it voluntarily undertakes such function with the intent of completing it, the municipality must act with reasonable care *(Gordon v Holt,* 65 AD2d 344, mot for lv to app den 47 NY2d 710; *Sexstone v City of Rochester,* 32 AD2d 737). Since defendant acted voluntarily upon plaintiffs' request and, in so doing, induced reliance, it should be liable for failure to act in a reasonable manner if such is the case. The act was not discretionary or quasi-judicial in nature requiring that defendant be found immune from liability *(Matter of Town of Cheektowaga v City of Buffalo,* 67 AD2d 812; *Movable Homes v City of North Tonawanda,* 56 AD2d 718). (Appeal from order of Orleans County Court, Miles, J. — dismiss complaint.) Present — Simons, J.P., Hancock, Jr., Doerr, Denman and Moule, JJ.