■ JEAN D. ROLFE, Respondent, v VILLAGE OF FALCONER, Appellant. — Order unanimously reversed, without costs, defendant's motion granted, and complaint dismissed. Memorandum: Plaintiff owns an apartment building located in the Village of Falconer. On June 29, 1981 one Kenneth Lanager applied for and received a building permit authorizing him to remodel and enlarge two porches and entrances on the premises. Lanager represented himself as the owner of the premises, and the clerk issuing the permit did not attempt to ascertain whether Lanager was, in fact, the record owner of the property. Thereafter, Lanager removed the asbestos shingles from the house and disappeared. Plaintiff commenced this lawsuit against the village, alleging that the latter was negligent in issuing a permit to one who was not the true owner. Asserting sovereign immunity, defendant moved for summary judgment, but Special Term denied the motion. We reverse and dismiss the complaint. Whether sovereign immunity is to be affixed to a particular area of State action does not hinge on the labels "governmental" and "ministerial"; it is simply that "a municipality's liability must be premised upon the existence and breach of a duty flowing from the municipality to the plaintiff" (*Florence v Goldberg,* 44 NY2d 189, 195; see, also, *Southworth v State of New York,* 62 AD2d 731, 740-741, affd 47 NY2d 874). Applying the standard *Palsgraf* test that "[t]he risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344), we conclude that the village did not have a duty to ascertain whether an applicant for a building permit who holds himself out as the owner is, in fact, the true owner of the premises. Moreover, the complaint would have to fail because any such duty would be one owed to the public at large. "When a claim is made that a municipality has negligently exercised a governmental function, liability turns upon the existence of a special duty to the injured person, in contrast to a general duty owed to the public" (*Garrett v Holiday Inns,* 58 NY2d 253, 261). It has long been the law of New York that "the mere failure to uncover fire and safety violations during inspection clearly would not constitute a sufficient predicate for imposing liability" (*Garrett v Holiday Inns, supra,* p 262; see, also, *O'Connor v City of*

*New York,* 58 NY2d 184; *Sanchez v Village of Liberty,* 42 NY2d 876). Defendant's failure to check the information given to it by the applicant is analogous to a failure to inspect the premises properly for code violations and creates no liability absent a special relationship or detrimental reliance (see *Garrett v Holiday Inns, supra,* p 262, n 4; see, also, *Gordon v Holt,* 65 AD2d 344; *Sexstone v City of Rochester,* 32 AD2d 737). Finally, plaintiff's reliance on *Weese v Village of Medina* (83 AD2d 989) is misplaced. In *Weese,* plaintiff asked defendant for information peculiarly within the latter's knowledge and received erroneous information upon which plaintiff then relied. It was plaintiff's justifiable reliance, an element totally lacking in the instant case, that created liability. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — summary judgment.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Boomer, JJ.