■ THADDEUS F. KRAJEWSKI, Appellant, v OSTERLUND, INC., Respondent. — In an action to recover damages for personal injuries allegedly sustained in a motor vehicle accident in Indiana, plaintiff appeals from an order of the Supreme Court, Orange County (Wood, J.), dated May 1, 1984, which, *inter alia,* granted defendant's cross motion to dismiss the action for lack of personal jurisdiction.

Order affirmed, with costs.

Plaintiff was injured in the State of Indiana, when the rear axle of a 1974 Diamond Reo truck broke loose, striking the vehicle he was driving. Plaintiff instituted suit in New York, alleging that the court had a basis to exercise personal jurisdiction over defendant Osterlund, Inc., a Pennsylvania corporation, by virtue of CPLR 302, the "long arm" statute. After issue was joined, plaintiff moved to strike defendant's affirmative defenses addressed to "long arm" jurisdiction. Defendant cross-moved to dismiss the action on the ground that the court lacked personal jurisdiction. In support of the cross motion, Jan Osterlund, a principal of defendant averred that the 1974 truck in question was not manufactured by it, but by Diamond Reo Trucks, Inc., a Michigan corporation which filed a bankruptcy petition in 1975. All the assets of Diamond Reo Trucks, Inc., were sold to a

liquidating corporation under chapter 7 of the Bankruptcy Code and defendant purchased the "trademarks, patents, technical data, dies, jigs and fixtures" from which it redesigned and reengineered the truck which is known as "Osterlund's Diamond Reo Giant". Defendant alleged that the wheel and axle assembly which detached from the truck in question had been mounted by the owner of the truck, who was driving it at the time of the accident. Defendant asserted that it had never mounted or installed the said wheel assembly on the subject truck, nor did any of its dealers or franchisees. Defendant admitted that the truck which it had been manufacturing since 1977, "Osterlund's Diamond Reo Giant", is sold in the State of New York through franchised dealers.

Plaintiff failed to reply to the cross motion. Special Term granted the cross motion, denied the motion and dismissed the complaint.

We agree with Special Term that plaintiff failed to raise any factual issue concerning jurisdiction, and that defendant was entitled to dismissal of the action as a matter of law.

Jurisdiction under CPLR 302 (a) (1) is lacking because plaintiff has set forth no "articulable nexus" between either the alleged business transacted in New York or the contracts for shipment of defendant's products into New York, and the cause of action sued upon (*see, McGowan v Smith,* 52 NY2d 268, 272; *Ring Sales Co. v Wakefield Eng.,* 90 AD2d 496). Jurisdiction under CPLR 302 (a) (2) and (3) is lacking because there was neither a tortious act within the State, nor injury occurring within the State.

Plaintiff alternatively argues on appeal that a question of fact is presented on this record as to whether defendant is present within the State by virtue of its "doing business" here, and that a hearing was required to discover the nature of its contacts with franchised dealers in New York State. Plaintiff did not allege in his complaint or in his motion to strike defendant's long-arm affirmative defenses that defendant was "present" in the State thus affording a basis for exercising personal jurisdiction over it. Plaintiff failed to reply to defendant's cross motion to dismiss for lack of jurisdiction, and the issue of presence was not raised at all by plaintiff by Special Term. The bare fact, admitted by defendant, that its product is sold in New York through franchised dealers was insufficient to raise an inference of agency, thereby establishing that defendant was doing business in New York. No evidence was proffered to show that the franchised dealers in New York are not separate corporate identities, evidence which was available to plaintiff as a matter

of public record. In the absence of common ownership, a valid inference of agency cannot be sustained (*Delagi v Volkswagenwerk AG*, 29 NY2d 426; *cf. Holzer v Dodge Bros.*, 233 NY 216). The burden of proof of establishing jurisdiction is plaintiff's, and he had a full and adequate opportunity at Special Term to reveal a foundation which would sufficiently raise an issue of fact concerning whether defendant does business within New York. "Without such, plaintiff has failed to make a prima facie showing of jurisdiction or even to show that a hearing is required to resolve the matter" (*Ring Sales Co. v Wakefield Eng.*, 90 AD2d 496, 497, *supra; cf. Cato Show Print. Co. v Lee*, 84 AD2d 947). Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.