■ MICHAEL MCVAN, Appellant, v CITY OF NEW ROCHELLE, Respondent, et al., Defendant.—In an action to recover damages for negligence and tortious interference with a business, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), dated September 19, 1985, which, upon an order granting the defendant City of New Rochelle's motion for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it, was in favor of the defendant City of New Rochelle and against him. (We deem the plaintiff's notice of appeal from an order entered September 5, 1985 as a premature notice of appeal from the judgment.)

Ordered that the judgment is affirmed, with costs.

The plaintiff failed to serve his complaint in this case within one year and 90 days after the happening of the event upon

which this claim is based, i.e., his receipt of erroneous advice from an employee of the defendant City of New Rochelle that his proposed gymnasium was a valid use under the New Rochelle zoning ordinance. Therefore, the Supreme Court, Westchester County, was correct in finding that the plaintiff's action as against the City of New Rochelle was barred by the Statute of Limitations *(see,* General Municipal Law § 50-i; *Klein v City of Yonkers,* 53 NY2d 1011, 1013; *Doyle v 800, Inc.,* 72 AD2d 761, 762). We have considered the plaintiff's other contentions and find them to be without merit. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.