■ In the Matter of JOSEPHINE FEDEROWICZ, Appellant, v TOWN BOARD OF CHEEKTOWAGA et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: We reject petitioner's contention that the town should be estopped from enforcing the zoning ordinance because it issued permits for construction of garages on petitioner's property knowing that petitioner was conducting a business on her property. Estoppel is not available to preclude the town from discharging its governmental duties. Although there are rare exceptions to the rule, petitioner is not entitled to invoke the doctrine of estoppel because she has not shown that she relied in good faith upon the act of the Board in issuing the permits *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 278-279, *rearg denied* 71 NY2d 995). A good-faith inquiry would have ascertained that the zoning ordinance precluded the use of petitioner's property for business purposes. (Appeal from judgment of Supreme Court, Erie County, Ricotta, J.— art 78.) Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.

■ In the Matter of THOMAS ADAMS, Appellant, v WALTER J. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner brought a CPLR article 78 petition challenging a disciplinary hearing held on February 28, 1985. Subsequently, he sought to amend the petition to substitute allegations concerning a separate disciplinary hearing held on February 15, 1985. Because the original petition did not give notice of the transaction to be proved pursuant to the amended pleading (CPLR 203 [e]), the challenge to the February 15th disciplinary hearing is not deemed to have been interposed at the time of the original petition. The challenge to the February 15th hearing, having been raised for the first time on July 10, 1985, was time barred *(see, People ex rel. Dawson v Smith,* 69 NY2d 689; *People ex rel. Jelich v Smith,* 105 AD2d 1125, 1126, *lv denied* 64 NY2d 606). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.