■ RONALD MARINO, Respondent, v DWYER-BERRY CONSTRUCTION CORP. et al., Defendants, and COUNTY OF DUTCHESS, Appellant.—In an action, *inter alia,* to recover damages for negligence, the defendant County of Dutchess appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered June 29, 1987, which denied its motion to dismiss the plaintiff's complaint as against it.

Ordered that the order is reversed, with costs, the motion is granted and the complaint is dismissed insofar as asserted against the County of Dutchess.

On June 3, 1985, subdivision map No. 7537 was approved by the Dutchess County Health Department and filed in the

Dutchess County Clerk's office, with an indication that lot No. 8 had 7½ feet of clay loam, sufficient to install a sewerage system. Professional Engineer Michael Morris had allegedly confirmed that all the lots on this map satisfied the criteria for building. In addition, a legend declaring that the owner of the property was familiar with the map, its contents and its legends, and consented to its terms and conditions as well as to its filing, was signed by Richard G. Barger, on behalf of BNH Developing Corp. The specifications of the map corroborated the depth and percolation tests performed in June 1980 by engineer George Haughney, the results of which had been inspected by Robert Gray on behalf of the Dutchess County Health Department.

On or about March 26, 1986, all 11 lots included on map No. 7537 were conveyed by BNH Developing Corp. to Dwyer-Berry Construction Corp. (hereinafter Dwyer-Berry), which in turn had contracted on or about March 12, 1986 to sell lot No. 8 to the plaintiff. The plaintiff received title on April 10, 1986.

On May 21, 1986, the plaintiff informed the Dutchess County Health Department that he believed that the conditions existing at the site were not accurately reflected on the subdivision map in question. A public health engineer visited the property and ascertained that the soil condition was not as represented on the map, and that consequently the proposed sewerage system was not feasible. By October 1986 the plaintiff had learned that the plot was "unbuildable," and this information was subsequently confirmed in a letter to him from the Dutchess County supervising public health engineer dated February 24, 1987. In early March 1987 the plaintiff served a summons and complaint seeking rescission of the contract of sale with Dwyer-Berry, as well as money damages against all the following: Dwyer-Berry, which had sold him the property, the two engineers who had misrepresented the soil conditions on the lot, Richard Barger, alleged to be the former owner of the land, and the County of Dutchess for having improperly approved an incorrect map.

The defendant county's motion to dismiss the complaint as time barred and for failure to state a cause of action was denied on June 29, 1987. The court found that the plaintiff's cause of action did not accrue until the county had rescinded its permission to build, so that the commencement of the action on March 2, 1987 was within the 1-year-and-90-day period provided by General Municipal Law § 50-i. The court further ruled that the complaint stated a cause of action in negligence against the county, since it should have known

that the Health Department's approval would be relied upon by a purchaser of the property.

We disagree.

When a claim is made that a municipality has negligently exercised a governmental function, liability turns upon the existence of a special duty to the injured person, in contrast to a general duty owed to the public *(Florence v Goldberg,* 44 NY2d 189). In the instant case, Public Health Law § 1116 (1) which provides that "[n]o subdivision or portion thereof shall be sold * * * until a plan or map of such subdivision shall be filed with and approved by the * * * county * * * department of health having jurisdiction" was not adopted for the benefit of the plaintiff, but rather was enacted for the health and safety of the community at large. There being no special duty running from the county to the plaintiff, the complaint against the county must be dismissed.

In view of the foregoing we need not address the other issues raised by the parties. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.