WILLIAM N. APPLEBY, as Administrator of the Estate of CHARLES APPLEBY, Also Known as CHARLES R. APPLEBY, JR., Deceased, Respondent, v HARRY A. WEBB et al., Appellants, and VILLAGE OF WARSAW, Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants Harry A. Webb and Mary T. Webb own a two-story building in the Village of Warsaw consisting of a lower storefront and an upper flat. The Webbs operated a florist shop upon the premises and had leased the apartment to plaintiff's daughter. Plaintiff was temporarily residing with his daughter when, on October 13, 1987, he was injured in a fire at the premises. A fire investigation performed by the Wyoming County Sheriff's Department indicated that the fire originated at the electrical service box serving the second-floor apartment. The report opined that a defective breaker box was the likely cause of the fire.

Plaintiff's complaint alleges that the Webbs were negligent in failing properly to maintain and inspect the electrical system. Following joinder of issue and the completion of discovery, the Webbs moved for summary judgment dismissing the complaint, contending, *inter alia,* that they had no notice, actual or constructive, of any defect or dangerous condition associated with the electrical system. Supreme Court denied the motion. We reverse that part of the order.

In order for a landlord to be held liable for a defective condition upon the premises, he must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it *(Putman v Stout,* 38 NY2d 607, 612). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant * * * to discover and remedy it" *(Gordon v*

*American Museum of Natural History,* 67 NY2d 836, 837). In support of their motion, the Webbs submitted proof that since they purchased the premises in 1984 or 1985 they never experienced any problems of any kind whatsoever with the electrical system. Because the system functioned properly and was adequate for their needs, they never had occasion to have any electrical work done at the premises. In opposition to the motion, plaintiff principally relied upon the fire investigator's report. Counsel asserted in his answering affidavit that the report was sufficient to raise an issue of fact whether a defect or dangerous condition existed at the premises.

Regardless of whether the investigative report discloses the existence of a defect or dangerous condition at the premises, the Webbs' showing that they had no actual or constructive notice of such a defect prior to the fire remains uncontroverted in this record. Plaintiff's assertion that the Webbs were under a duty to inspect the electrical system or the breaker box servicing the second floor apartment to discover the condition is without merit. Where, as here, there is nothing to arouse the landlord's suspicion, he has no duty to inspect *(see,* 2B Warren, New York Negligence, Landlord and Tenant, § 7, at 963). Thus, Supreme Court erred in denying the Webbs' motion for summary judgment dismissing the complaint *(see, Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378).

Supreme Court properly granted the motion of defendant Village of Warsaw to dismiss. The failure to uncover safety violations during an inspection does not constitute a sufficient predicate for the imposition of liability on the Village *(Garrett v Holiday Inns,* 58 NY2d 253, 262; *Rolfe v Village of Falconer,* 96 AD2d 1142, *affd* 62 NY2d 884). (Appeal from Order of Supreme Court, Wyoming County, Dadd, J.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Fallon and Davis, JJ.