[609 NYS2d 986]

EDMUND A. OKIE et al., Respondents, v VILLAGE OF HAMBURG, Appellant, and STRATFORD HOMES, INC., Doing Business as RYAN HOMES, Respondent.

Fourth Department, March 11, 1994

### APPEARANCES OF COUNSEL

*Abbott, Tills & Knapp,* Hamburg *(Kenneth Knapp* of counsel), for appellant.

*Casey, Sanchez, Amigone & Kelleher,* Buffalo *(Arthur Baumeister, Jr.,* of counsel), for Edmund A. Okie and another, respondents.

*Gibson, McAskill & Crosby,* Buffalo *(Jeffrey Sendziak* of counsel), for Stratford Homes, Inc., respondent.

### OPINION OF THE COURT

LAWTON, J.

Presented on this appeal is the question whether a municipality is liable for mistakenly issuing a building permit to construct a residence within the boundaries of a floodplain and for erroneously issuing a certificate of occupancy following construction. Supreme Court denied defendant Village of Hamburg's motion for summary judgment to dismiss the homeowners' complaint and codefendant builder's cross claim.

The material facts are not in dispute. On April 7, 1986, plaintiffs entered into an agreement with defendant Stratford Homes, Inc. (Stratford) for the construction of a residence in the Village of Hamburg (Village). Stratford applied for and

received a building permit from the Village building inspector on June 24, 1986. Construction started immediately with grading and the placement of foundation footings. The inspector, who was also the local administrator for the Federal Emergency Management Agency, upon visiting the job site, noted the proximity of Barrack Creek and became concerned that a portion of the residence might be within the 100-year floodplain, i.e., land subject to a 1% chance of flooding in a given year.

There is a dispute whether the inspector notified a representative of Stratford of his concerns at that time. Because this was his first encounter with this potential problem, the inspector contacted a New York State Department of Environmental Conservation (DEC) water program specialist to express his concerns and request guidance regarding how to proceed. He was informed that it would be necessary to have elevation measurements made to ascertain whether the building was in the floodplain. Work on the building was continued to completion and plaintiffs applied for and received a certificate of occupancy on September 4, 1986. Following further communications with DEC, elevation measurements were taken by the Village at the site on April 27, 1988; those measurements disclosed that the building encroached some six feet into the floodplain area. Based on the advice of DEC's representative, the Village legalized the presence of the structure by granting a variance on January 4, 1989. A notice of claim was filed by the plaintiffs against the Village on June 6, 1989, followed by the service of a summons and complaint on September 19, 1989.

■ The Village maintains that the complaint was untimely (citing *Klein v City of Yonkers,* 73 AD2d 931, *affd* 53 NY2d 1011; *Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp.,* 181 AD2d 871; *Matter of Magaldino v Town of Hurley,* 177 AD2d 906; *McVan v City of New Rochelle,* 127 AD2d 825). Plaintiffs concede that more than one year and 90 days expired from the date of the happening of the event upon which the claim is based, i.e., the issuance of the building permit and the certificate of occupancy *(see, McVan v City of New Rochelle, supra,* at 825-826), but argue that, because of the Village's actions and plaintiffs' lack of knowledge, the Village should be estopped from relying upon the applicable Statute of Limitations (General Municipal Law § 50-i) to bar their action.

Supreme Court concluded that "the misrepresentations of

the Village caused the delay in plaintiffs' filing of a timely Notice of Claim and the commencement of an action. Accordingly, plaintiffs are excused from such compliance pursuant to the provisions of General Municipal Law Section 50-i". We disagree.

A defendant may be estopped from asserting the Statute of Limitations if the defendant has engaged in fraud, deception or misrepresentation *(Simcuski v Saeli,* 44 NY2d 442, 449). The record does not reveal that the Village misrepresented to plaintiffs that their home was not in a floodplain in a manner designed to inhibit them from filing suit *(see, Montelione v Greenburg Edgemont Union Free School Dist.,* 175 AD2d 113, 114). The only representation made to plaintiffs was a generalized representation contained in the certificate of occupancy that the structure complied with all laws, which later turned out to be incorrect. That is insufficient to estop the Village from asserting a Statute of Limitations defense *(see, Pleasant Ridge Townhouses Homeowners' Assn. v T & D Constr. Corp., supra,* at 871-872; *Doyle v 800, Inc.,* 72 AD2d 761, 762).

By reason of the foregoing, the Village's summary judgment motion to dismiss the complaint should be granted and we need not consider the merits of plaintiffs' claim against the Village. Nevertheless, because we must deal with the merits of Stratford's cross claim against the Village, and because that cross claim is closely related to plaintiffs' claim against the Village, it is appropriate to discuss the merits of both the claim and cross claim.

For the purposes of our discussion, we make no distinction between the issuance of a building permit and the issuance of a certificate of occupancy, although we recognize that there are material differences *(see, Green v Irwin,* 174 AD2d 879, 881).

*Garrett v Holiday Inns* (58 NY2d 253) is the seminal case with respect to a municipality's liability for erroneously issuing a certificate of occupancy. With respect to members of the general public, no liability attaches for "a violation of a general duty owed by the town to the public at large" *(Garrett v Holiday Inns, supra,* at 257). The issuance of a certificate of occupancy and/or a building permit is a governmental function for which a municipality may not be held responsible for damages *(O'Connor v City of New York,* 58 NY2d 184; *Rolfe v Village of Falconer,* 96 AD2d 1142, *affd* 62 NY2d 884). The only exception to that general prohibition is when a special

relationship exists between the municipality and the applicant. In determining the duty of the Town of Greece to the codefendant owner, Holiday Inns, the Court of Appeals in *Garrett (supra,* at 261) stated that "[s]uch a duty is found when a special relationship exists between the municipality and an individual or class of persons, warranting the imposition of a duty to use reasonable care for those persons' benefit". The Court in *Garrett (supra,* at 261-262) set forth the following instances where a "special relationship" may be imposed upon a municipality: "This principle operates to impose liability where the municipality has violated a duty commanded by a statute enacted for the special benefit of particular persons (see *Motyka v City of Amsterdam,* 15 NY2d 134); where the municipality has voluntarily assumed a duty, the proper exercise of which was justifiably relied upon by persons benefited thereby *(Florence v Goldberg, supra;* cf. *Schuster v City of New York,* 5 NY2d 75); or where it assumes positive direction and control under circumstances in which a known, blatant and dangerous safety violation exists *(Smullen v City of New York,* 28 NY2d 66)."

We conclude that, applying that standard to plaintiffs and Stratford, no special relationship existed. The Town of Hamburg's Flood Damage Prevention Ordinance* does not create a special duty owing to persons inhabiting a flood-prone area. A reading of that ordinance discloses that the intent of law is to protect the general public from flood damages, not just those located within the floodplain *(see generally, O'Connor v City of New York,* 58 NY2d 184, *supra; Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 748; *Rolfe v Village of Falconer,* 96 AD2d 1142, *supra).*

The Village did not assume a duty over and above that required of it by statute. Plaintiffs and Stratford applied for the building permit and certificate of occupancy required by ordinance and the Village acted upon those requests. No duty was assumed by the Village and no affirmative representation was made concerning whether the residence was within a floodplain. This is not a case where plaintiffs made specific inquiry for information peculiarly within the municipality's knowledge and received erroneous information upon which

---

* That ordinance provides in part:

"Sec. 7¼-2. Statement of purpose.

"It is the purpose of this chapter to promote the public health, safety, and general welfare, and to minimize public and private losses due to flood conditions in specific areas by provisions designed to:

"(1) Regulate uses which are dangerous to health, safety and property due to water or erosion hazards, or which result in damaging increases in erosion or in flood heights or velocities".

they relied *(see, Weese v Village of Medina,* 83 AD2d 989; *see also, Tuffley v City of Syracuse,* 82 AD2d 110).

Moreover, the Village did not knowingly and blatantly violate any safety regulations. Unlike the municipality in *Garrett (supra),* the Village did not have knowledge of the violation until long after the permit and certificate were issued. Additionally, there are no dangerous safety violations involved. That is best shown by the fact that the Village is authorized under its ordinance to grant a variance from the prohibition and in fact has granted a variance in this case.

There is another reason that no special relationship exists to support plaintiffs' claim against the Village. Both plaintiffs and Stratford were on notice of the Village ordinances and applicable laws that prohibited building within the floodplain. Both plaintiffs and Stratford possessed the ability to determine whether the structure complied with the applicable ordinances but chose not to do so. Where good-faith inquiry would have ascertained that the ordinance precluded the use of the property for building purposes, there can be no estoppel or liability for damages *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *cert denied* 488 US 801; *Matter of Federowicz v Town Bd.,* 143 AD2d 519). Under those circumstances, plaintiffs' and Stratford's remedy is not to sue for damages but, rather, to assert the Village's conduct as a defense against any action by the Village against them under the ordinance, or as the basis for a variance, which has already been granted.

Accordingly, the Village's motion for summary judgment dismissing the complaint and Stratford's cross claim should be granted.

DENMAN, P. J., GREEN, CALLAHAN and DOERR, JJ., concur.

Order unanimously reversed, on the law, without costs, motion granted, and complaint and cross claim against defendant Village of Hamburg dismissed.