■ LUCRETIA BRONCATI et al., Respondents, v CITY OF WHITE PLAINS, Appellant, et al., Defendants. [774 NYS2d 573]—

In an action to recover damages for personal injuries, etc., the defendant City of White Plains appeals from an interlocutory judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered May 21, 2003, which, upon, inter alia, a jury verdict finding that it was 77% at fault in the happening of the accident, and the denial of its motion pursuant to CPLR 4401 for

judgment as a matter of law dismissing the complaint insofar as asserted against it, made at the close of the plaintiffs' evidence, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff was injured when she stepped off a curb in the City of White Plains that was approximately 20 inches higher than the road surface. A bifurcated trial was held to determine the liability of, among others, the City. During the trial, the plaintiff testified that she stepped off the curb at its highest point because a construction barricade blocked her access to the area where the curb was lower. The only action taken by the City with regard to the curb and the barricade was its decision to issue and renew a building permit for the construction of the barricade.

At the close of the plaintiffs' case, the City moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that liability cannot be based on a municipality's decision to issue a building permit. The motion was denied, and the jury subsequently found that the City was 77% at fault in the happening of the accident. The City moved to set aside the verdict on essentially the same ground upon which it based its motion pursuant to CPLR 4401. The Supreme Court denied the motion and a judgment was entered from which the City appealed. We reverse.

It is well settled that "[t]he decision whether to issue a [building] permit is a discretionary determination and the actions of the government in such instances are immune from lawsuits based on such decisions" (*City of New York v 17 Vista Assoc.*, 84 NY2d 299, 307 [1994]; *see Sposato v Village of Pelham,* 275 AD2d 364 [2000]; *Dinerman v Poehlman,* 237 AD2d 483 [1997]; *Rottkamp v Young,* 21 AD2d 373 [1964], *affd* 15 NY2d 831 [1965]). In this case, liability against the City was based solely on its decision to issue and renew the permit to build the barricade in the area where the plaintiff fell. Under these circumstances, the Supreme Court should have granted the City's motion pursuant to CPLR 4401 for judgment as a matter of law.

The plaintiffs contend that the City was not entitled to governmental immunity because the permit was issued in violation of the White Plains Code. Specifically, the plaintiffs contend that the barricade obstructed more of the sidewalk than permitted by White Plains Code §§ 7-3-91 and 7-3-92. Assuming that

the permit was issued in violation of the White Plains Code, we reject the plaintiffs' argument. Absent a special relationship with the plaintiff, the City, under these circumstances, cannot be held liable for failing to enforce its own code (*see O'Connor v City of New York*, 58 NY2d 184, 189 [1983]; *Santacapita v Town of Brookhaven*, 202 AD2d 489 [1994]). As there was no such relationship here, the Supreme Court erred in denying the City's motion pursuant to CPLR 4401 for judgment as a matter of law.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.