Lynn Emmerling et al., Appellants, v Town of Richmond, Respondent, et al., Defendant. [787 NYS2d 754]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered December 31, 2002. The order granted the motion of defendant Town of Richmond for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs owned a piece of property improved by a house in defendant Town of Richmond (Town). Plaintiffs drew up plans to expand and modernize the house, hired a contractor and obtained a building permit from the Town allowing them to do so. In the middle of the construction, the contractor allegedly abandoned the project, and it was apparently completed by other persons. Problems began to come to light with the construction, and the Town commenced an action against plaintiffs for occupying the house without a certificate of occupancy. A certificate of occupancy was prepared but never delivered to plaintiffs. They commenced this action to recover for damages allegedly caused by the issuance of a building permit and certificate of occupancy despite the failure of the Town's Code Enforcement Officer, defendant David Hayes, to properly inspect the construction. Supreme Court granted the motion of the Town for summary judgment dismissing the complaint against it, and plaintiffs appeal. We affirm.

A municipality will not be liable for the acts of one of its em-

ployees even when the conduct is negligent, if the employee is engaged in a discretionary municipal function. It is well settled that the decision whether to issue a permit is a discretionary function and the actions of a municipal employee in deciding whether to issue a permit are immune from lawsuits (*see City of New York v 17 Vista Assoc.*, 84 NY2d 299, 307 [1994]; *Broncati v City of White Plains*, 6 AD3d 476, 477 [2004]). There is a narrow exception to that rule in cases where the plaintiffs establish that a special relationship exists between themselves and the municipality (*see Lauer v City of New York*, 95 NY2d 95, 102-103 [2000]). Such a special relationship exists only where the municipality has violated a duty commanded by a statute enacted for the special benefit of particular persons, where it has voluntarily assumed a duty that was justifiably relied upon by those who benefitted therefrom, or where it has assumed positive direction and control under circumstances in which a known, blatant and dangerous safety violation exists (*see Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]; *Okie v Village of Hamburg*, 196 AD2d 228, 232 [1994]).

As the proponent of the motion for summary judgment, the Town met its initial burden of establishing that no such special relationship existed. In response, plaintiffs failed to come forward with evidentiary proof in admissible form sufficient to raise a question of fact on the issue (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see generally O'Connor v City of New York*, 58 NY2d 184 [1983], *rearg denied* 59 NY2d 762 [1983]; *Appleby v Webb*, 186 AD2d 1078, 1079 [1992]). Present— Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.