■ In the Matter of JENNIFER LO TEMPIO, Appellant, v ERIE COUNTY HEALTH DEPARTMENT et al., Respondents. [793 NYS2d 848]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 16, 2004 in a negligence action. The order denied claimant's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimant appeals from an order denying her application for leave to serve a late notice of claim against respondent County of Erie (County). Although Supreme Court gave no reasoning for the exercise of its discretion, we affirm on

the ground that the claim is "patently meritless" (*Matter of Catherine G. v County of Essex,* 3 NY3d 175, 179 [2004]). The proposed notice of claim alleges that a County Health Department employee negligently inspected and approved the septic system of claimant's home pursuant to a provision of the County Sanitary Code requiring such inspections and approvals upon a transfer of property. Those allegations, however, are not sufficient to sustain a negligence cause of action against the County and thus the claim is patently without merit. Where, as here, there is no special relationship between the municipality and the applicant, "the mere failure to uncover [defects in the septic system] . . . clearly would not constitute a sufficient predicate for imposing liability on the [County]" (*Garrett v Holiday Inns,* 58 NY2d 253, 262 [1983]; *see O'Connor v City of New York,* 58 NY2d 184, 189-191 [1983], *rearg denied* 59 NY2d 762 [1983]; *Okie v Village of Hamburg,* 196 AD2d 228, 231-232 [1994]; *Appleby v Webb,* 186 AD2d 1078, 1079 [1992]; *see generally Pelaez v Seide,* 2 NY3d 186 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.