RAYMOND M. DAVIS et al., Respondents, v COUNTY OF ONONDAGA et al., Defendants, JUDY L. FISHER, Respondent, and TOWN OF LYSANDER, Appellant. [818 NYS2d 706]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered April 26, 2005. The order, insofar as appealed from, denied the motion of defendant Town of Lysander for summary judgment dismissing the amended complaint and cross claims against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint

and cross claims against defendant Town of Lysander are dismissed.

Memorandum: Plaintiffs commenced this action seeking damages arising from flooding in their residence located in a subdivision on a road along the Seneca River in defendant Town of Lysander (Town). The record establishes that in 1990 defendant Judy L. Fisher presented a subdivision plat to the Town's Planning Board and, according to the minutes of the Planning Board's meeting, she received approval of the plat upon the condition that she, inter alia, grant a drainage easement. It is disputed whether the Town also required Fisher to install drainage improvements for the subdivision as a condition of approval, but it is undisputed that Fisher never did so. Plaintiffs purchased a lot in the subdivision in 1999 and hired defendant Merle Builders, Inc. to construct a residence thereon. The basement of plaintiffs' residence thereafter was flooded with three to four feet of water, requiring plaintiffs to dig several ditches in order to move water from a culvert to the river.

Supreme Court erred in denying the motion of the Town for summary judgment dismissing the amended complaint and cross claims against it. According to plaintiffs, the Town was negligent in failing to require Fisher to comply with the drainage requirement as a condition of approval of her subdivision plat. The Town may not be held liable to plaintiffs unless the Town had a special relationship with plaintiffs, and "[s]uch a special relationship exists only where the municipality has violated a duty commanded by a statute enacted for the special benefit of particular persons, where it has voluntarily assumed a duty that was justifiably relied upon by those who benefitted therefrom, or where it has assumed positive direction and control under circumstances in which a known, blatant and dangerous safety violation exists" (*Emmerling v Town of Richmond*, 13 AD3d 1150, 1151 [2004]; *see Pelaez v Seide*, 2 NY3d 186, 198-201 [2004]). Contrary to plaintiffs' contention, the Town met its burden of establishing that it had no special relationship with plaintiffs, and plaintiffs failed to raise an issue of fact (*see Emmerling*, 13 AD3d at 1151). The statutes at issue, i.e., Town Law §§ 276 and 277, were enacted for the benefit of the general public (*see* § 276 [1]; § 277 [1]; *see also Okie v Village of Hamburg*, 196 AD2d 228, 232 [1994]; *see generally Pelaez*, 2 NY3d at 200-202) and not for the special benefit of those, such as plaintiffs, located within the subdivision (*see Okie*, 196 AD2d at 232).

Also contrary to the contention of plaintiffs, they failed to raise an issue of fact whether the Town voluntarily assumed a duty, the proper exercise of which was justifiably relied on by

plaintiffs. "This is not a case where plaintiffs made specific inquiry for information peculiarly within the [Town's] knowledge and received erroneous information upon which they relied" (*id.* at 232-233; *see generally Pelaez*, 2 NY3d at 202). Plaintiffs contend that they justifiably relied on the Town's requirement that Fisher install drainage improvements for the subdivision as a condition of approval. Even assuming, arguendo, that the Town imposed such a requirement, we would nevertheless conclude that plaintiffs failed to raise an issue of fact whether the Town "through promises or actions" undertook "an affirmative duty to act on behalf of" plaintiffs, who purchased their property nearly 10 years after approval of the subdivision plat (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see Iannucci v Viscardi*, 251 AD2d 379 [1998]). We further reject the contention of plaintiffs that a special relationship was created based on the Town's issuance of a building permit and certificate of occupancy. Those documents do not raise an issue of fact whether the Town assumed a duty or made affirmative representations with respect to drainage (*see Okie*, 196 AD2d at 232).

Finally, plaintiffs failed to raise an issue of fact whether the Town assumed positive direction and control over a known, blatant, and dangerous safety violation by issuing a building permit and certificate of occupancy (*see generally Pelaez*, 2 NY3d at 203-205). Here, "there [were] no dangerous safety violations involved" (*Okie*, 196 AD2d at 233). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Smith, JJ.