■ Maureen Ash, Individually and as Parent and Natural Guardian of T.A., S.A., L.A. and H.A., Infants, Appellant, v County of Monroe, Respondent. Terri Ash, Appellant, v County of Monroe, Respondent. (Appeal No. 2.) [820 NYS2d 831]—Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 1, 2006. The order denied the motion of plaintiffs seeking leave to renew their opposition to defendant's motion to dismiss the complaint.

■ Maureen Ash, Individually and as Parent and Natural Guardian of T.A., S.A., L.A. and H.A., Infants, Appellant, v County of Monroe, Respondent. Terri Ash, Appellant, v County of Monroe, Respondent. (Appeal No. 1.) [821 NYS2d 320]—

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered July 12, 2005. The judgment granted defendant's motion to dismiss the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Decedent's wife, individually and on behalf of her children, and one of decedent's children commenced this action to recover damages for emotional and financial harm resulting from defendant's alleged negligence in failing to identify decedent's remains in a timely manner. We conclude with respect to appeal No. 1 that Supreme Court properly granted defendant's motion to dismiss the complaint. "Municipalities are generally immune from tort liability when their employees perform discretionary acts involving the exercise of reasoned judgment, except in those cases where plaintiffs establish that they had a 'special relationship' with the municipality giving rise to a duty enforceable in tort" (*Brown v City of New York*, 22 AD3d 241, 241 [2005]; *see Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]). "Such a special relationship exists only where the

municipality has violated a duty commanded by a statute enacted for the special benefit of particular persons, where it has voluntarily assumed a duty that was justifiably relied upon by those who benefitted therefrom, or where it has assumed positive direction and control under circumstances in which a known, blatant and dangerous safety violation exists" (*Emmerling v Town of Richmond*, 13 AD3d 1150, 1151 [2004]). Here, the allegedly negligent acts of defendant's employees were discretionary, and the facts alleged by plaintiffs do not support an inference that a special relationship was formed under any of those categories (*see Brown*, 22 AD3d 241 [2005]). Finally, we conclude with respect to appeal No. 2 that the court properly denied the motion of plaintiffs seeking leave to renew their opposition to defendant's motion to dismiss. Even assuming, arguendo, that the documents submitted by plaintiffs were not previously available, we conclude that the court properly determined that the information contained in those documents was known to plaintiffs at the time of the original motion (*see William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv denied in part and dismissed in part* 80 NY2d 1005 [1992], *rearg denied* 81 NY2d 782 [1993]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.