■ JOHN SHARP et al., Appellants, v INCORPORATED VILLAGE OF FARMINGDALE, N.Y., et al., Respondents, et al., Defendant. [13 NYS3d 103]—

In an action, inter alia, to recover damages for wrongful delay in the issuance of a building permit, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated October 15, 2012, as granted the motion of the defendants CGA Consulting, Inc., Robert Peterson, and Jeffrey Mongno for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendants the Incorporated Village of Farmingdale, N.Y., George Starkie, Brian Harty, and Roger Craig which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In 2010, the Incorporated Village of Farmingdale, N.Y., entered into an agreement with CGA Consulting, Inc. (hereinafter CGA), pursuant to which CGA's principals, Robert Peterson and Jeffrey Mongno, were designated as building inspectors/code enforcement officials for the Village. Shortly thereafter, the plaintiffs submitted a building permit application for the construction and renovation of their property located at 217 Main Street. The application was reviewed by Peterson. After completing that review, Peterson informed the plaintiffs that their application failed to comply with, inter alia, certain provisions of the New York State Building Code which were required for the issuance of a building permit. As a result, the plaintiffs were required to make several changes to their building plans, which increased their costs and delayed the issuance of a building permit.

The plaintiffs subsequently commenced this action against CGA, Peterson, and Mongno (hereinafter collectively the CGA defendants) as well as against the Village and several Village officials (hereinafter collectively the Village defendants) seeking to recover for their increased costs and for damages allegedly caused by the delay in the issuance of the building permit.

"The decision whether to issue a permit is a discretionary determination and the actions of the government in such instances are immune from lawsuits based on such decisions" (City of New York v 17 Vista Assoc., 84 NY2d 299, 307 [1994]; see Broncati v City of White Plains, 6 AD3d 476, 477 [2004]; Sposato v Village of Pelham, 275 AD2d 364, 365 [2000]; Dinerman v Poehlman, 237 AD2d 483, 483 [1997]). Since the determination of whether to issue a building permit is a discretion-

ary determination, the Village defendants are immune from liability, and the plaintiffs failed to state a cause of action to recover from the Village defendants for their increased costs or for damages arising from the delay in issuing the building permit. Accordingly, the Supreme Court properly granted that branch of the Village defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

The Supreme Court also properly granted the CGA defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The CGA defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that they were acting within the scope of their authority as the Village's building inspector/code enforcement officials with regard to the discretionary determination of whether to issue a building permit, thereby entitling them to immunity (see *City of New York v 17 Vista Assoc.*, 84 NY2d at 307; *154 E. Park Ave. Corp. v City of Long Beach*, 52 NY2d 991, 993 [1981]; *Emmerling v Town of Richmond*, 13 AD3d 1150, 1150-1151 [2004]; *Rottkamp v Young*, 21 AD2d 373, 377 [1964], *affd* 15 NY2d 831 [1965]). In opposition, the plaintiffs failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiffs' contention that the CGA defendants' motion should have been denied as premature is improperly raised for the first time on appeal (see *Deutsche Bank Natl. Trust Co. v Shimon*, 84 AD3d 861, 861 [2011]; *Aglow Studios, Inc. v Karlsson*, 83 AD3d 747, 749 [2011]; *Burgos v Rateb*, 64 AD3d 530, 530 [2009]).

In light of our determination, the parties' remaining contentions need not be reached. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.