Barski v Town of Aurelius (2021 NY Slip Op 01656)





Barski v Town of Aurelius


2021 NY Slip Op 01656


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1008 CA 19-00360

[*1]ERINN BARSKI, DAVID BARSKI AND BARSKI'S XTREME LAZER TAG, LLC, PLAINTIFFS-APPELLANTS,
v
TOWN OF AURELIUS, DEFENDANT-RESPONDENT. 






CAMARDO LAW FIRM, P.C., AUBURN (JUSTIN T. HUFFMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered January 9, 2019. The order granted defendant's motion for summary judgment and dismissed plaintiffs' amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The individual plaintiffs, the owners of plaintiff Barski's Xtreme Lazer Tag, LLC, entered into a lease for premises in a shopping mall located in defendant Town of Aurelius. Plaintiffs applied for a building permit to enable them to renovate the leased premises, submitting the necessary documentation and plans. Defendant issued the building permit to plaintiffs and, upon completion of the renovations, plaintiffs received a certificate of occupancy. They opened the business, but defendant revoked the certificate of occupancy shortly thereafter, asserting that a specific fire protection system was required. That fire protection system was cost-prohibitive, and plaintiffs had to close the business. Plaintiffs thereafter commenced this action asserting, inter alia, causes of action for negligent misrepresentation and violation of their procedural due process rights. Supreme Court granted defendant's motion to dismiss the amended complaint pursuant to CPLR 3211, and plaintiffs appealed. On appeal, we modified the order by denying the motion in part and reinstating the cause of action for negligent misrepresentation (Barski v Town of Aurelius, 147 AD3d 1483, 1484-1485 [4th Dept 2017]). Specifically, we held that, "[a]ffording the allegations in the amended complaint every possible favorable inference[,] . . . plaintiffs have alleged a cause of action for negligent misrepresentation, and they correctly acknowledged that liability may not be imposed without the existence of a special relationship" (id.). After the completion of discovery, defendant moved for summary judgment dismissing the amended complaint pursuant to CPLR 3212, and the court granted that motion. Plaintiffs appeal, and we affirm.
Preliminarily, it is undisputed that, during the events that led to this lawsuit, defendant was acting in a governmental capacity (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426 [2013]). "Under the public duty rule, although a municipality owes a general duty to the public at large . . . , this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (Valdez v City of New York, 18 NY3d 69, 75 [2011]). Therefore, in this case, defendant cannot be held liable unless there existed a special relationship between it and plaintiffs (see id.). "A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Pelaez v Seide, 2 NY3d 186, 199-200 [2004]; see Applewhite, 21 NY3d at [*2]426). According to plaintiffs, a special relationship was formed in this case by the second method, i.e., the voluntary assumption of a duty of care by defendant that generated a justifiable reliance by plaintiffs. That method requires plaintiffs to establish "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Valdez, 18 NY3d at 80 [internal quotation marks omitted]).
Contrary to plaintiffs' contention, as the proponent of the motion for summary judgment, defendant met its initial burden of establishing that there was no voluntary assumption of a duty of care, and plaintiffs failed to raise a triable issue of fact (see Davis v County of Onondaga, 31 AD3d 1156, 1157-1158 [4th Dept 2006]; Emmerling v Town of Richmond, 13 AD3d 1150, 1151 [4th Dept 2004]; Yan Shou Kong v Town of Huntington, 4 AD3d 419, 419-420 [2d Dept 2004]; see generally Matter of Lo Tempio v Erie County Health Dept., 17 AD3d 1161, 1162 [4th Dept 2005]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court