Robert Hume, Respondent, v. Peter G. D. Ten Eyck, Appellant. Emma Hume, Respondent, v. Peter G. D. Ten Eyck, Appellant.— Appeals by defendant from judgments entered upon verdicts in favor of plaintiffs and from orders denying motions to set aside the verdicts and for a new trial. Actions by Emma Hume for personal injuries and Robert Hume, her husband, for loss of services. Plaintiff Emma Hume, an elderly lady, fell while descending a stairway in defendant's office building. She had entered the building to see her daughter, who was employed therein and who was with her at the time of the accident. Plaintiffs' proof showed that there was a question of fact as to whether the stairway was properly lighted and also showed that there were some obstructions on the stairway. Appellant's principal contention on this appeal is that Mrs. Hume was a bare licensee and that defendant's duty was merely to refrain from intentional or willful negligence. Without exception the trial court charged that the defendant's duty was one of reasonable care. Judgments and orders unanimously affirmed, with costs, in one action. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

John Rochford and Another, Respondents, v. The State of New York, Appellant. (Claim No. 23586.)— Appeal from a judgment of the Court of Claims awarding claimants' compensation for property appropriated by the State by entering upon it and improving it although no notice of intention to do so was filed. The evidence sustains claimants' claim. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ. [153 Misc. 239.]

In the Matter of the Application of Francis J. Neddo and Others, Petitioners, for a Certiorari Order against Mayor Henry Schrade, Jr., and Others, Constituting the City Council of the City of Saratoga Springs, Respondents, and Musa Q. Jackson, Intervenor.— Review under order of certiorari of the proceedings of the city council of Saratoga Springs amending and changing the general zoning ordinance by transferring one parcel of real estate from zone C to zone D. The operation of gasoline sales stations was forbidden in zone C, but permitted in zone D. Section 83 of the General City Law empowered the council to make the change if reasonable grounds therefor were shown. Action of the city council unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

Mary F. McKenna, Respondent, v. Harry B. Weatherwax and Another, as Receivers for the United Traction Company, Appellants.— Appeal by the defendants from a judgment entered in Rensselaer county upon a verdict of a jury in favor of the plaintiff at a Trial Term of the Supreme Court and from an order denying motion for a new trial. Plaintiff, a passenger on the defendants' street car, claimed that it suddenly slid backward down hill, throwing her to the floor. Defendants' witnesses claimed that she was injured, if at all, as she alighted from the street car and stepped upon the pavement. Defendants claim the verdict is against the weight of evidence, urge a reversal because of prejudicial remarks and conduct of plaintiff and her attorney, and because of errors in rulings upon evidence and in erroneous statements of the law in the charge of the court to which, however, no exception was taken. Judgment and order affirmed, with costs. Hill, P. J., Rhodes and Crapser, JJ., concur; McNamee and Bliss, JJ., dissent.