*480 Yan Yoorhis, J.
This action is to recover damages for personal injuries sustained by plaintiff, Elizabeth Harrington, when she tripped on a rope and fell on the roof of an apartment house owned by defendant, 615 West Corp. Mrs. Harrington was not a trespasser. She and her husband were tenants in the apartment house and were permitted by the landlord, in common with other tenants, to use the roof as a place for drying laundry where clotheslines were maintained for the convenience of tenants. The rope over which she tripped had been strung across her path about six inches above the roof by a painting contracting firm — defendants David Katz and Morris Weinberg, doing business as Starlight Painting Company. This rope was used to stay the scaffold which Starlight had erected from which to paint the fire escapes and trim on the exterior of the building. The job was under the supervision of Katz, who was a licensed rigger. The scaffold was attached to grappling irons which extended over the coping of the roof. To secure the grappling irons and the scaffold, ropes were strung to some permanent part of the roof such as a standpipe or chimney. Until the time of the accident, the scaffold and ropes had been progressively moved around the building for the *481 application of the first coat of paint, which had been completed in the area where the accident occurred. The rope over which she fell had been in place for one or two days. The factual theories of negligence must be examined on which Mrs. Harrington and her husband have recovered a judgment against their landlord and the landlord’s painting contractor, in order to adjudicate the question of law involved in the claim of indemnification by the apartment house owner against the contractor, seeking to recoup its share of the loss. Questions of fact are involved in the Harringtons’ recoveries against both sets of defendants, and their judgment against the defendants may not be disturbed in this court. Indemnification is demanded, in the controversy between defendants, on the ground of active and passive negligence. The painting contractor (Starlight) has appealed from so much of the judgment as requires it to indemnify the Harringtons’ landlord (615 West Corp.).
It appears to be standard practice to fasten scaffolds to buildings with ropes in this manner, and therefore fault cannot be ascribed to the contractor for having strung the rope over which Mrs. Harrington fell. The negligence which the trial court found against both owner and contractor stems from failure to warn tenants in the building, such as Mrs. Harrington, of the presence of this rope, or from failure to erect some suitable barrier. The apartment house owner is, of course, charged with a duty to use reasonable care to maintain common passageways in the building safe for the use of tenants (Dollard v. Roberts, 130 N. Y. 269). The clotheslines strung on the roof in this area constituted an implied invitation to tenants to go there to dry their clothes. This rope, staying the scaffold, cut across the route used by the tenants in going to and from this clothesline area upon the roof.
Bearing in mind that the painting contractor is not liable for having placed this rope, but for having neglected to warn or to protect tenants in the building from falling over it, the case assumes a different shape from the usual situation involving questions of active and passive negligence. Before being rendered liable, plaintiffs ’ landlord had to be chargeable with notice of the erection of this guy rope by the contractor, and the contractor (in order to be liable) had to have notice of the clotheslines and of the fact that tenants were accustomed to walk across the roof at this location to reach the clotheslines. If *482 the actionable negligence had consisted in stringing this tant rope at all, the basis might have been laid for indemnification of the owner by the contractor on the theory of active and passive negligence. Then the negligence wonld have been akin to nuisance, and would have rested primarily upon the shoulders of the contractor as the tortious creator of the dangerous condition. The contracting firm which erected the rope, in that view, might have been considered to be the active wrongdoer, and the owner merely passive. But the wrong did not consist in the act of attaching the rope but in neglect to warn or to guard against injury — with knowledge by the wrongdoers (1) that the rope was there, and (2) that tenants were accustomed to pass that way. Since the building had to be painted and there was no other way to do the painting job except by erecting this rope, negligence cannot be based upon the mere circumstance that it was there. When it comes to breach of the duty to warn the tenants of this pitfall in their way, both owner and contractor were equally and each actively to blame. From the ordinary conduct of their businesses, the contractor knew that the guy rope was there, and the apartment house owner knew of the presence of the clotheslines for the use of its tenants. The Trial Justice found on the evidence of this case that each is chargeable also with notice of what the other necessarily knew from the course of its business. The duty of exercising reasonable care to erect warning signs or barriers was primary in the case of the landlord as well as of the contractor. In both instances it consisted in the omission to take these precautions, and, under these circumstances, the negligence of each is active negligence.
The nature of the duty is revealed by the relationship between these parties. Plaintiffs were tenants of the landlord; to them the landlord owed the primary duty to take steps for their protection in the use of common passages in the building. The landlord had erected or was familiar with the clothesline area, and is chargeable with having known that the tenants traversed this part of the roof to dry their clothes. It was necessary for the court to determine whether the landlord was also chargeable with actual or constructive notice of the presence of this taut rope across the customary route taken by tenants in order to reach these clotheslines. Conversely, the contractor knew of the presence of the rope, having placed it there, and it was for *483 the court to determine whether the contractor had also actual or constructive notice of the clotheslines and of the implied invitation to tenants by the landlord to cross this part of the roof. It does not follow from the fact that the contracor had put the rope in place, that the landlord was entitled to rely upon the contractor to protect the tenants in going to the clothesline area in order to dry their wash. It was as problematical whether the contractor would know of the habit of the tenants to use this part of the roof for that purpose, as it was whether the landlord would know of the current location of the guy rope athwart the path taken by the tenants. The Trial Justice resolved these questions against both of these defendants, and there is evidence to sustain this finding, but there is no evidence that the negligence of the landlord was passive or that as between defendants the contractor had undertaken a primary duty to protect the landlord’s tenants against a danger of the existence of which the landlord was as likely to be aware as the contractor.
For these reasons, that part of the judgment must be reversed which indemnifies defendant 615 West Corp. against defendants David Katz and Morris Weinberg doing business as Starlight Painting Company. This is not a case which brings into play the rule of active and passive negligence between codefendants (see City of Brooklyn v. Brooklyn City R. R. Co., 47 N. Y. 475, 487; Hyman v. Barrett, 224 N. Y. 436; Oceanic Steam Nav. Co. v. Compagnia Transatlantica Espanola, 134 N. Y. 461, 468; Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; McFall v. Campagnie Maritime Belge, 304 N. Y. 314.)
The judgment appealed from should be modified by eliminating the indemnification of defendant 615 West Corp. by David Katz and Morris Weinberg, doing business as Starlight Painting Company, with costs to the latter defendant against 615 West Corp., and, as so modified, affirmed, with costs to plaintiffs against all of the defendants.