KENNETH J. HETZEL, an Infant, by ROBERT F. HETZEL, His Guardian ad Litem, et al., Appellants, v. BUFFALO CEMETERY ASSOCIATION, Respondent.

Fourth Department, July 2, 1962.

*Joslin & Joslin* (*Norman E. Joslin* of counsel), for appellants.

*Gibbons, Pottle, O'Shea & Adamson* (*F. Lambert Haley* of counsel), for respondent.

GOLDMAN, J. While accompanying his family on a visit to their plot in defendant's cemetery, the infant plaintiff, just under four years of age, suffered a broken leg from the falling

of a statue from a monument located about 30 feet from the family grave. The jury returned a verdict of no cause of action. The only issue is the adequacy and correctness of the charge.

The court charged that " if you find the statue of the angel fell because Kenneth the infant put his hands on it * * * then this defendant is not responsible ". This was tantamount to directing a verdict of no cause of action, for the only plausible inference from the evidence was that the child had touched or climbed upon the monument. The jury was instructed that if the infant had contacted the monument he " would be a mere licensee to whom the defendant cemetery owes no affirmative duty of care ". This charge asserted the erroneous principle of law that once the child had touched the monument he no longer was an invitee but was, as a matter of law, a licensee or trespasser.

Before considering the charge, a few observations should be made about the obligations of cemetery corporations and more particularly what the record shows concerning the discharge of those obligations by the defendant. The liability of a corporation maintaining a cemetery is similar to that of any other person owning or operating business property (4 Warren, Negligence, § 4.22, p. 92). The defendant was bound to use reasonable care in preventing injury to those rightfully on its premises (*Dutton* v. *Greenwood Cemetery Co.*, 80 App. Div. 352). Such duty encompassed discovery and elimination of noticeable defects which might reasonably be anticipated as creating a hazard to those visiting the premises and engaging in activities incidental to their presence. Monuments and their appurtenances, if improperly placed in their foundations, or if improperly maintained, may become dangerous objects whose existence constitutes a hazard to the invited public.

The evidence and exhibits demonstrate that the statue leaned forward on its base and that the wings of the angel had been chipped. Employees of defendant were instructed to report stones which leaned or appeared defective. Defendant's superintendent knew prior to the accident that the whole stone leaned although he never checked the stone by putting any pressure on it because he thought that it was not " a serious lean ". The section in which the accident happened was under so-called perpetual care. The defendant's manager of maintenance testified that the chipping on the statue could only have occurred by its falling and that some of the chipping antedated the infant's accident. Accordingly, there was evidence from which a jury could find that there were preaccident falls. Further-

more, in view of the size of the monument in proportion to that of its base, the method of installation of the statue or the foundation of the whole stone may have been faulty. Considered cumulatively, this evidence raised questions of fact as to whether the defendant should have been aware of a potentially perilous condition.

On this record and under a proper charge the jury would have had the right to find that the infant plaintiff was an invitee. An owner or operator of property is obliged to keep it safe for invitees regardless of age. However, the characteristics of children are proper matters for consideration in determining what is ordinary care as to them. Infancy does not obviate the necessity of establishing negligence; however, the care owing to an infant, and particularly one *non sui juris*, may well be greater than that owing to an adult under similar circumstances. All facts and circumstances must be considered, including the age of the child. A jury may take into consideration the well-known propensities of children to climb about and play (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442; *Collentine* v. *City of New York*, 279 N. Y. 119). Where infants are prone to play and dangerous objects are knowingly on the premises an owner may be liable for allowing the condition to exist for a considerable period of time both in the case of public (*Levine* v. *City of New York*, 309 N. Y. 88 [public stairways]) and private (*Clifton* v. *Patroon Operating Corp.*, 271 App Div. 122 [freight elevator in warehouse]) premises. (See, also, *Tierney* v. *New York Dugan Bros.*, 288 N. Y. 16; 2 Restatement, Torts, § 339, subds. [a] and [b].)

The charge concerning the duty of an owner of land both to a business invitee and to a licensee was proper (*Dutton* v. *Greenwood Cemetery Co.*, 80 App. Div. 352, *supra*). However, the court in applying the particular facts in substance charged that the infant was a licensee or trespasser. The court explained that if the jury found that the infant stepped on the statue, or a part of it, the base, "as of that moment he could not be an invitee, he was at best a licensee, or even a trespasser, and the same rule applies to a trespasser as you apply to a licensee". There was no dispute in the evidence concerning whether the infant was in contact with the stone. Accordingly, once the jury found as a fact that he had made contact with the stone, and they could not find otherwise on this record, then inevitably under the court's charge the infant was clothed with the status of a licensee or trespasser. There was a failure to point out that the infant was rightfully on the premises and that the

statue was an object which, if improperly maintained or defectively based, might conceivably constitute a hazard to the public. The jury asked for further instructions concerning a licensee and the court proceeded to explain that once the infant left the usual means of access to a grave and contacted the monument, which "were not touchable things", the defendant would not be responsible for the plaintiff's injury. The court failed to distinguish between (1) the plaintiff coming into contact with the monument as an object or thing located on premises where the plaintiff had the right to be and (2) the plaintiff entering on a part of the premises where he had no right to go; the latter would affect the plaintiff's status as an invitee; the former would not.

There is no mention in the charge of (1) the danger of a defectively maintained monument, (2) the attractiveness of the object to small children and (3) the ordinary unawareness by children of such danger. These are matters which the jury should have been instructed to consider, as well as the general rule relating to all persons, no matter what age.

The cases cited by defendant are distinguishable because in the one, the infant was on a mission of his own and had gone to the area of the accident which was a part of the cemetery uncared for by defendant (*Nesterovich* v. *Mount Olivet Cemetery,* 212 App. Div. 286), while in the other cited case the infant was on the path of access to the grave and there was evidence that the gravestone had been improperly set and that it was in a visibly dangerous condition (*Dutton* v. *Greenwood Cemetery Co., supra*).

There was evidence from which the jury could have found that at the time of his injuries the infant plaintiff was an invitee. Further, that defendant had knowledge of a dangerous condition which it permitted to exist. These facts should have been presented to the jury under appropriate instructions.

BASTOW and HALPERN, JJ., concur; WILLIAMS, P. J. and HENRY, J., concur in result on the ground that there were errors in the Judge's charge as set forth in the opinion of GOLDMAN, J., and on the ground that the verdict is against the weight of the evidence.

Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.