**Selena DeMARCO & Ryann DeMarco, an infant by her mother and Natural Guardian, Selena DeMarco, Plaintiffs,**

v.

**Satnam Singh BANSAL & Rajmohan Kaup Bansal, Defendants.**

**No. 91 Civ. 6127 (MGC).**

United States District Court, S.D. New York.

Aug. 2, 1993.

---

786

Tanzman & Cerbone, Hartsdale by Cary M. Tanzman, for plaintiffs.

Pirrotti & Pirrotti, Tarrytown by Anthony J. Pirrotti, Jr., for defendants.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

On August 6, 1990 Ryann DeMarco, a one and one-half year old child, was injured when an ornamental bird bath fell over in the front yard of the house the DeMarco family rented

1. At oral argument, I held that a genuine issue of disputed fact exists as to whether defendants

from defendants. Plaintiffs sue to recover damages for Ryann's injuries.

Defendants move for summary judgment on the grounds that following their transfer of possession and control of the premises, they are no longer liable for conditions on the land[1] and that plaintiffs have proffered no proof that defendants had actual or constructive notice that there was a dangerous condition with regard to the bird bath. For the reasons discussed below, defendants' motion for summary judgment is granted.

## FACTS

In July, 1987 defendants purchased a two-family house in Yonkers, New York. In the front yard was an ornamental bird bath which had been installed by previous owners. (JPTO at ¶ 15.) The bird bath, which rested on a brick base, was located in a grassy area and was surrounded by a brick wall that was approximately one foot high.

On February 1, 1990, defendants leased the second floor apartment to the DeMarco family. Defendants, who did not reside in the house, gave the DeMarcos permission to use the front yard, including the area where the bird bath was located. (Id. at ¶ 16.) Ryann and her two siblings frequently played in this area. (Def's Mem., Ex. E, Selena DeMarco Dep. pp. 85–86.) Plaintiff Selena DeMarco, Ryann's mother, planted flowers near the bird bath, and mowed the front and back lawns once a week. (Id.)

Defendants contend, and plaintiffs do not dispute, that the bird bath was approximately three feet high. (JPTO at ¶ 1.) Plaintiffs contend, and defendants do not dispute, that the bird bath weighed at least 50 pounds. (Id. at ¶ 14.)

## DISCUSSION

A motion for summary judgment will be granted if the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

transferred total control of the premises to plaintiffs. (Tr. at p. 2.)

(1986). In assessing the record, "all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988). However, if after the completion of discovery the party with the burden of proof fails to make a showing sufficient to establish the existence of an element essential to his claim on which that party will bear the burden of proof at trial, summary judgment may be granted. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. In such a situation, there can be no "genuine issue as to any material fact" because a total failure of proof on an essential element of a claim of a nonmoving party "necessarily renders all other facts immaterial as to that claim." *Id.* at 323, 106 S.Ct. at 2552.

Plaintiffs argue that the bird bath was defective because it was not secured to the base, which allegedly made it unstable.

■ To hold a landlord liable for a defective condition upon the premises, a plaintiff must show that the landlord had either actual or constructive notice of the condition for a sufficient period of time to have corrected it. *Appleby v. Webb*, 186 A.D.2d 1078, 588 N.Y.S.2d 228 (4th Dep't 1992). Plaintiffs do not argue that defendants had actual notice that the bird bath was not secured to the base. To provide constructive notice, a defect must be visible and, in addition, must have existed for a sufficient length of time prior to the accident to allow the defendant to discover and remedy it. *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986). Defendants argue that plaintiffs have proffered no proof that defendants had constructive notice that the bird bath was not secured to the base.

■ Neither Richard DeMarco, Ryann's father, nor Selena DeMarco noticed that the bird bath was not secured to the base. (JPTO, Pl's Content. of Fact ¶ 6.) In his deposition, Richard DeMarco testified that "as far as I know, there was no reason for me to tell [my daughter] to watch out for the [bird bath]." (Def's Mem., Ex. C, p. 42.) Selena DeMarco testified at her deposition that she never noticed anything wrong with the bird bath and never asked defendants to fix it because she did not know it was broken; she did not find that out until after the accident. (*Id.*, Ex. D., pp. 87–88.) She had ample opportunity to observe that the bird bath was not secured to the base since she planted flowers near the bird bath and mowed the lawn once a week. (*Id.* at 86–87.) Richard DeMarco also testified that prior to the accident, although he is not sure when, Mr. Bansal told him the bird bath was stable. (*Id.* at 51.) However, Bansal's statement does not show that he was aware that the bird bath was not secured to the base. Plaintiffs have proffered no evidence that any person observed that the bird bath was not secured to the base. Thus, there is no evidence from which a trial jury can find that defendants should have made such an observation.

Plaintiffs argue that because defendants retained the right to reenter plaintiffs' apartment to inspect and make certain repairs, defendants can be charged with constructive notice that the bird bath was not secured to the base. Plaintiffs rely on *Guzman v. Haven Plaza Housing Dev. Fund Co.*, 69 N.Y.2d 559, 516 N.Y.S.2d 451, 509 N.E.2d 51 (1987) and the numerous cases which followed *Guzman*. In *Guzman*, the alleged defect was a poorly lit staircase and handrails which were too close to the wall, both of which violated governing building codes. The court relied on *Tkach v. Montefiore Hospital for Chronic Diseases*, 289 N.Y. 387, 46 N.E.2d 333 (1943), and stated that even though there was no evidence that the landlord had actual notice of the dangerous conditions, the right to reenter the premises was sufficient to charge the landlord with constructive notice of an obvious problem. In *Tkach*, the court addressed whether a landlord who had never exercised his right to reenter the premises, and therefore remained ignorant of a longstanding and visible dangerous condition, plaster falling from the ceiling, could evade liability based on lack of actual notice. The court held that he could not. Thus, *Guzman* and its progeny stand for the proposition that where a defect is visible and longstand-

ing, a landlord cannot rely on his failure to exercise his right of reentry to avoid liability.

Where a defect is not visible, New York courts have expressly rejected the proposition that the right of reentry alone establishes constructive notice. In *O'Rourke v. Sachel Hardware, Inc.*, 178 A.D.2d 134, 576 N.Y.S.2d 567 (1st Dep't 1991), the plaintiff was injured when she tripped over a metal pole that had been left propped up against the wall of a store. The lease gave the owner the right to inspect and make structural repairs. The court held that to impose liability on the owner for the negligently placed pole, the plaintiff must show that the owner had actual or constructive notice of it, and that an owner's right to reenter premises, absent a showing that the defective condition was visible and longstanding, does not raise an issue of constructive notice. In *Perez v. City of New York*, 168 A.D.2d 227, 562 N.Y.S.2d 116 (1st Dep't 1990), the plaintiffs were seriously injured as a result of carbon monoxide inhalation. The alleged defect which caused the injury was an improperly installed venting system. The court held that the plaintiffs were required to show that the defendants had actual or constructive notice of the defect at the time of the accident, and that to demonstrate constructive notice, plaintiffs were required not only to show that the defendants had a right to reenter, but that the defect was visible and sufficiently longstanding. *Id.* 562 N.Y.S.2d at 118. Thus, defendants cannot be charged with constructive notice of the bird bath's alleged instability simply because they reserved the right to reenter the premises.

■ Plaintiffs next argue that a reasonable inspection would have revealed that the bird bath was not secured to the base, and that defendants had a duty to inspect the premises for defects. None of the cases cited by plaintiffs imposed on a landlord the duty to inspect for defects which were not visible. *See Murtha v. Ridley*, 232 N.Y. 488, 134 N.E. 542 (1922) (The defect was cracked cement coping surrounding the edge of an areaway which broke and gave way when the plaintiff stood on the coping. Notice to the defendant of the defect was not at issue on appeal.); *Harrington v. 615 West Corp.*, 2 N.Y.2d 476, 161 N.Y.S.2d 106, 141 N.E.2d 602 (1957) (Before the landlord could be held liable for a rope which contractors had left to secure scaffolding, the court must determine if he had actual or constructive notice of the rope; no requirement to inspect imposed.). *Monroe v. City of New York*, 67 A.D.2d 89, 414 N.Y.S.2d 718 (2d Dep't 1979) is inapposite. In that case, the court noted that the duty of an owner to provide a safe workplace for its employees encompasses a duty to make reasonable inspections to detect dangerous conditions. A landlord has no such duty with respect to his tenants. *See Appleby v. Webb*, 186 A.D.2d 1078, 1079, 588 N.Y.S.2d 228, 229 (4th Dep't 1992) (citations omitted) (Where there is nothing to arouse a landlord's suspicions, he has no duty to inspect.); *see also Hetzel v. Buffalo Cemetery Ass'n*, 16 A.D.2d 581, 582, 229 N.Y.S.2d 960, 961 (4th Dep't 1962) (Landowner's duty to use reasonable care in preventing injury encompassed discovery and elimination of noticeable defects).

Plaintiffs, the parties with the burden of proof, have proffered no evidence that defendants had constructive notice that the bird bath was not secured to the base. Therefore, plaintiffs have failed to raise a genuine issue of fact as to an essential element of their claim.

### CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment dismissing the action is granted.

SO ORDERED.