◼ DONALD M. JUNE et al., Appellants-Respondents, v BILL ZIKAKIS CHEVROLET, INC., et al., Defendants and Third-Party

Plaintiffs-Respondents-Appellants, and Streeter Associates, Inc., Appellant. Solomon F. Peterson et al., Third-Party Defendants-Respondents. [606 NYS2d 390] —Cardona, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered August 6, 1992 in Tompkins County, which granted a motion by defendants Bill Zikakis Chevrolet, Inc., Vasilios Zikakis and Ruth Zikakis for summary judgment dismissing the complaint and cross claim against them, denied defendant Streeter Associates, Inc.'s motion for summary judgment dismissing the complaint and cross claim against it, and dismissed the third-party action, and (2) from the judgment entered thereon.

Defendants Vasilios Zikakis and Ruth Zikakis (hereinafter the Zikakises) were the owners of the property known as Ithaca Auto Plaza in Tompkins County during the time periods relevant to this action. In 1986, the Zikakises contracted with third-party defendants, Solomon F. Peterson and Solomon F. Peterson, P. C. (hereinafter collectively referred to as Peterson) to design an automobile dealership and with defendant Streeter Associates, Inc. (hereinafter Streeter) to construct this facility. The auto plaza was completed sometime in the fall of 1987 and leased to defendant Bill Zikakis Chevrolet, Inc. (hereinafter Zikakis Chevrolet) on September 15, 1987.

In June 1989, plaintiff Donald M. June was exiting the dealership through a set of double doors when his right foot slipped as he stepped out onto a concrete landing at the top of a set of four stairs. He became airborne and landed at the foot of the stairs sustaining injuries. It was raining at the time. Donald June and his wife, plaintiff Martha Ann June, subsequently commenced an action seeking recovery for personal injuries and loss of consortium. The Zikakises and Zikakis Chevrolet (hereinafter collectively referred to as the Zikakis defendants) and Streeter asserted cross claims against each other. The Zikakis defendants also initiated a third-party action against Peterson.

"The general rule is that an out-of-possession landlord who relinquishes control of the premises is not liable * * * for personal injuries caused by an unsafe condition existing on the premises * * * An exception to this rule exists, however, 'where the lessor rents premises for a public use when he knows, or should have known, that they are in a dangerous condition' at the time of the lease" *(Brady v Cocozzo,* 174 AD2d 814, quoting *Williams v Saratoga County Agric. Socy.,* 277 App Div 742, 744).

Supreme Court correctly found under the instant circumstances that the Zikakises came within the above-quoted exception; however, the court reasoned that plaintiffs failed to meet their burden of raising a question of fact respecting notice and granted summary judgment. It is unnecessary to discuss the notice issue because, as plaintiffs argue, notice is not required where, as here, the injuries were caused by a defect in the premises created by an independent contractor when the owner of the premises who hired the contractor is under a duty to keep the premises safe *(see, Hesch v Seavey,* 188 AD2d 808; *Thomassen v J & K Diner,* 152 AD2d 421, 424-425, *appeal dismissed* 76 NY2d 771). As owners of premises into which members of the public would be invited, the Zikakises had a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress *(see, Thomassen v J & K Diner, supra; see also, Parsons v City of New York,* 195 AD2d 282 [which distinguished *Thomassen* but acknowledged this proposition]). They are therefore vicariously liable for the negligent construction, if any, by Streeter, the independent contractor whom *they* hired. Therefore, it was error for Supreme Court to dismiss plaintiffs' complaint against the Zikakises.

Supreme Court incorrectly found that plaintiffs failed to raise a triable issue respecting constructive notice to Zikakis Chevrolet. Constructive notice will be found " 'where a defective condition has existed for such a length of time that knowledge thereof should have been acquired in the exercise of reasonable care' " *(Paul v Kagan,* 92 AD2d 988, 989, quoting *Batton v Elghanayan,* 43 NY2d 898, 901 [Cooke, J., dissenting]). As far as an alleged defective condition, the affidavit of plaintiffs' expert alleges that there was no carpeting or rubberized mat over the smooth, wet surface of the concrete landing platform, that there was no center handrail on the stairs and that the design of the doors was such that, when opened, they blocked access to the handrails. The expert further emphasizes that the surface finish of the concrete platform that was exposed to the weather was a smooth, steel trowel finish and should have been a coarser, textured finish. Zikakis Chevrolet was in possession for about 1½ years before the accident occurred. The alleged defects appear to be visible and, at a minimum, present a question of fact as to whether this occurrence was reasonably foreseeable.

Supreme Court correctly denied summary judgment dismissing the complaint against Streeter. Streeter's failure to install an intermediate (center) handrail on the stairs measuring

over 88 inches in width as required by the Uniform Fire Prevention and Building Code (9 NYCRR 765.4 [a] [11]), the smooth condition of the landing and the manner in which the doors opened, blocking access to the handrails, raise factual questions as to whether Streeter was put on notice that his construction of the platform and stairs, as designed, was likely to cause injury *(see, Loconti v Creede,* 169 AD2d 900, 903; *Pioli v Town of Kirkwood,* 117 AD2d 954, 955, *lv denied* 68 NY2d 601).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted the motion by defendants Bill Zikakis Chevrolet, Inc., Vasilios Zikakis and Ruth Zikakis; said motion denied and third-party complaint reinstated; and, as so modified, affirmed.