◼ LISTER R. RICHARDSON, Individually and as Administrator of the Estate of MARIE T. RICHARDSON, Deceased, Appellant, v DAVID SCHWAGER ASSOCIATES, INC., Defendant, and WILBUR F. BRESLIN et al., Respondents. (And a Third-Party Action.) [672 NYS2d 114] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 10, 1997, which granted the motion of the defendants Wilbur F. Breslin, David V. King, and E.A.S.A. d/b/a King Way Associates for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the respondents' motion is denied, and the complaint is reinstated insofar as asserted against them.

The plaintiff's decedent, Marie Richardson, was allegedly injured when she slipped in a puddle of soapy water at a car wash operated by the defendant David Schwager Associates, Inc. (hereinafter Schwager). Schwager subleased the premises from the defendants Wilbur Breslin, David King, and E.A.S.A. d/b/a King Way Associates (hereinafter collectively referred to as King Way). King Way moved for summary judgment on the ground that it was an out-of-possession lessor and had no knowledge of the alleged defective condition. In opposition to King Way's motion, the plaintiff presented expert evidence that the car wash was defectively designed, *inter alia,* in that there was no drainage system for soapy water which accumulated in the area designated for owners to pick up their cars. The deposition testimony of a King Way representative established that King Way hired the contractor who built the car wash and that it approved all of the plans and specifications prior to construction.

We conclude that the Supreme Court erred in granting King Way's motion. The evidence established that King Way subleased the premises to Schwager with knowledge that members of the public would be invited onto the premises. King Way therefore had a nondelegable duty to provide the public with a reasonably safe premises and a safe means of

ingress and egress (*see, June v Zikakis Chevrolet,* 199 AD2d 907, 908-909; *Thomassen v J & K Diner,* 152 AD2d 421, 424-425). Moreover, where, as here, the claim is that the initial construction or design of the premises was defective, the plaintiff need not establish that King Way had notice of the condition, since the dangerous condition was allegedly created by King Way or its agent, the contractor (*see, Thomassen v J & K Diner, supra; June v Zikakis Chevrolet, supra*). Accordingly, there are issues of fact as to King Way's liability which preclude summary judgment. O'Brien, J. P., Santucci, Krausman and Florio, JJ., concur.