■ WANDA BACKIEL, Respondent, v CITIBANK, N.A., Appellant, et al., Defendant. [751 NYS2d 492] —In an action to recover damages for personal injuries, the defendant Citibank, N.A., appeals from an order of the Supreme Court, Queens County (Milano, J.), entered October 17, 2000, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, Wanda Backiel, an office cleaner employed by

Cushman and Wakefield, was injured when she slipped and fell after exiting through the main entrance doors of an office building owned by the appellant, Citibank, N.A. (hereinafter Citibank). The accident occurred early in the morning after the plaintiff had worked a late night shift, when she allegedly was caused to fall because of the wet condition of the plaza walkway in front of the lobby exit. The area was wet because the walkway recently had been hosed down by a maintenance porter employed by Cushman and Wakefield.

In its motion for summary judgment, Citibank claimed that it neither created the defective condition nor had actual or constructive notice of the defective condition. Citibank also contended that, in any event, it could not be held liable for the negligence of Cushman and Wakefield, an independent contractor which it employed. The Supreme Court denied the motion, finding numerous questions of fact. It also found that Citibank failed to establish, as an owner in possession of premises, that no duty was owed to the plaintiff. We affirm.

The allegedly defective condition in this case was created by an independent contractor and the well-settled general rule provides that a party who retains an independent contractor is not liable for the negligence of the independent contractor because it has no right to supervise or control the work (*see Kleeman v Rheingold,* 81 NY2d 270, 273; *Mercado v Slope Assoc.,* 246 AD2d 581). An exception to this general rule is the nondelegable duty exception, which is applicable where the party "is under a duty to keep premises safe" (*Rosenberg v Equitable Life Assur. Socy. of U.S.,* 79 NY2d 663, 668). Where, for example, premises are open to the public, the owner has a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress (*see Thomassen v J & K Diner,* 152 AD2d 421; *June v Zikakis Chevrolet,* 199 AD2d 907; *see also* Restatement of Torts § 425). This duty may not be delegated by the owner to its agents or employees or to an independent contractor (*Thomassen v J & K Diner, supra* at 424-425). On this appeal we are called upon to determine whether the nondelegable duty to provide safe ingress and egress extends to an employee of the independent contractor hired to maintain the premises.

Courts have long recognized exceptions to the independent contractor rule which otherwise would exempt an owner from liability for the negligence of an independent contractor. In fact, the general rule has been so overwhelmed by its exceptions that many have questioned its continued validity (*see Thomassen v J & K Diner, supra* at 424; Prosser and Keeton,

Torts § 71, at 510 [5th ed]). One of the earliest exceptions was that regarding an owner's liability for injuries to persons on its property "where the owner of land expressly, or by implication, invites [others] to come upon his land" (*Beck v Carter,* 68 NY 283, 292; *see also Harrington v 615 W. Corp.,* 2 NY2d 476). This exception has been broadly applied such that it has been characterized as "one of the most far-reaching qualifications on the independent contractor rule" (*Ft. Lowell-NSS Ltd. Partnership v Kelly,* 166 Ariz 96, 100, 800 P2d 962, 966).

The nondelegable duty of the property owners exception is premised on principles of basic fairness as well as policy considerations relating to allocation of the risk. An owner may be held vicariously liable for the negligence of its independent contractor because the owner in possession has retained control over the premises. The owner not only has a nondelegable duty to provide safe means of ingress, but "[t]o this duty is added the responsibility that the landlord, who employs the contractor to do work in a place where tenants are in the habit of passing, must see that necessary precautions are taken not to endanger the tenants" (*Bernstein v El-Mar Painting & Decorating Co.,* 13 NY2d 1053, 1055; *see Harrington v 615 W. Corp., supra*). This affirmative responsibility is consistent with an owner's general duty of reasonable care under all the circumstances (*see Basso v Miller,* 40 NY2d 233). Clearly it would be inequitable to permit a property owner to escape liability by merely delegating the obligation to repair or maintain the premises to an independent contractor. Moreover, the underlying policies of public safety and building owner responsibility provide a reasonable basis for imposing liability (*see Thomassen v J & K Diner, supra* at 426-427, citing *Koepke v Carter Hawley Hale Stores,* 140 Ariz 420, 682 P2d 425; *see also* Prosser and Keeton, Torts § 71, at 509 [5th ed]).

The broadest application of the nondelegable duty exception has been in those cases, such as here, where the owner owes a higher duty of care to a particular class of persons because of some special relationship imposed by statute or at common law (*see Sciolaro v Asch,* 198 NY 77, 83; *Harrington v 615 W. Corp., supra* at 482; *Ft. Lowell-NSS Ltd. Partnership v Kelly, supra* at 100; Prosser and Keeton, Torts § 71, at 511-512 [5th ed]; Restatement of Torts § 422, comment *e*). As is relevant to the issues on this appeal, New York courts have long imposed a special duty on property owners to keep the entrances and passageways of a public building safe for tenants, their visitors, and their employees, all classes of people who come onto the premises for reasonably foreseeable purposes (*see e.g. Murphy*

*v Broadway Improvement Co.,* 189 App Div 692; *Hume v Ten Eyck,* 245 App Div 794; *Ancess v Trebuhs Realty Co.,* 18 AD2d 118, *affd* 16 NY2d 1031).

Later cases expanded the scope of this duty, commencing with *Gallagher v St. Raymond's R.C. Church* (21 NY2d 554, 557), in which the Court of Appeals formulated an even broader standard of care to conform with the mores of a modern society and held that "[w]henever the general public is invited into stores, office buildings and other places of public assembly" it is entitled to a safe and reasonable means of entry and exit from the premises. Thus, owners are charged with a nondelegable duty to provide members of the general public with a reasonably safe premises, including a safe means of ingress and egress (*see Thomassen v J & K Diner, supra*; *Richardson v Schwager Assoc.,* 249 AD2d 531). The use of the term "members of the general public" is significant, as it is difficult to conceive of a larger class of protected persons. Clearly the plaintiff must be considered a member of the "general public." Indeed, it is commonly defined as relating to or affecting all of the people and not limited or restricted to a particular class of persons (*see People v Powell,* 280 Mich 699, 274 NW 372; *People v Ruthven,* 160 Misc 112).

The owner of such premises is further charged with the duty to provide its employees and the employees of independent contractors with a safe place to work (*see Garlichs v Empire State Bldg. Corp.,* 3 NY2d 780, 782; *Casperson v La Sala Bros.,* 253 NY 491, 494). While an owner may not be held liable for an injury to an employee of an independent contractor caused by a condition which the employee was called upon to remedy (*see Lindstedt v 813 Assoc.,* 238 AD2d 386), the employee does not assume the risk of injury from other defects or dangerous conditions in the premises which are outside the scope of that employee's work (*see Circosta v 29 Washington Sq. Corp.,* 2 NY2d 996; *cf. Baum v Rowland,* 281 App Div 964, citing *Dittiger v Isal Realty Corp.,* 290 NY 492). The plaintiff is an office cleaner whose work entailed the cleaning of offices on the upper floors and not maintenance of the lobby entrance and plaza. Citibank's duty to provide her with a safe place to work necessarily included the duty to provide her with a safe means of ingress and egress to the building where she was to work.

Applying these principles to the case at bar, we find that Citibank, as an owner of an office building, owes a nondelegable duty to provide a safe means of ingress and egress to all persons lawfully upon the premises, including the plaintiff, an employee of its independent contractor. The injured plaintiff

was employed as an office cleaner whose duties did not include the cleaning and maintenance of the lobby entrance and plaza such that she did not assume the risk of injury from the work being performed by other employees on the entrance plaza walkway. Accordingly, we find that Citibank may not avoid liability to this plaintiff for its alleged failure to maintain the plaza walkway in a safe condition by having delegated the maintenance work to an independent contractor.

We further find that Citibank failed to make a prima facie showing of entitlement to judgment as a matter of law (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). There are issues of fact as to whether the alleged dangerous condition was created by the actions of the independent contractor and whether Citibank may be vicariously liable pursuant to its nondelegable duty to keep the premises safe. Accordingly, the Supreme Court properly denied the motion for summary judgment dismissing the complaint. Santucci, J.P., Goldstein and Schmidt, JJ., concur.

Feuerstein, J. (dissents and votes to reverse the order, grant the motion of Citibank, N.A., for summary judgment, and dismiss the complaint insofar as asserted against that defendant, with the following memorandum): The plaintiff was an employee of an independent contractor hired by the appellant, Citibank, N.A. (hereinafter Citibank), pursuant to a comprehensive contract for general maintenance of the building located at 399 Park Avenue in New York City, co-owned by Citibank. On September 24, 1997, the plaintiff was exiting the building when she slipped on the wet surface of the sidewalk in front of the building. After falling, the plaintiff observed a coworker cleaning the sidewalk by spraying it with a hose further down the street. In an affidavit, the plaintiff acknowledged that she was aware of her coworker's practice for cleaning the sidewalk. The plaintiff commenced this action against Citibank to recover damages for her personal injuries.

The general rule is that a property owner who hires an independent contractor is not liable for the negligent acts of the independent contractor (see *Kleeman v Rheingold*, 81 NY2d 270; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663). Several exceptions to this general rule have developed, such as where the work delegated to the independent contractor is inherently dangerous or where the employer is under a specific nondelegable duty to keep the premises safe (see *Kleeman v Rheingold, supra*; *Rosenberg v Equitable Life Assur. Socy. of U.S., supra*; *Kojic v City of New York*, 76 AD2d 828). Aside from statutorily-declared nondelegable duties (see Labor Law

§ 240), the common law has recognized a nondelegable duty to exist "whenever the general public is invited into stores, office buildings and other places of public assembly. [In those cases] the owner * * * is charged with the duty to provide *members of the general public* with reasonably safe premises, including a safe means of ingress and egress" (*Thomassen v J & K Diner,* 152 AD2d 421, 424 [emphasis added]; *see also Arabian v Benenson,* 284 AD2d 422; *Richardson v Schwager Assoc.,* 249 AD2d 531). The genesis of this exception appears to be from *Gallagher v St. Raymond's R.C. Church* (21 NY2d 554), where the Court of Appeals stated that while there was no general duty to provide artificial light for persons entering or leaving a premises, when members of the general public are invited onto the premises, a duty is owed to provide adequate lighting. The *Gallagher* decision was based upon the policy that the public is entitled to a safe and reasonable means of entry to and exit from a public building.

The plaintiff was not a member of the general public and, therefore, was not a member of the class of persons intended to be protected by this exception to the general rule of no liability (*see Matter of Bigley v J & R Music Elecs.,* 269 AD2d 667 [employee still within course of employment for workers' compensation purposes where accident occurs within reasonable time after end of shift]; *see also Kunze v Jones,* 6 AD2d 888, *affd* 8 NY2d 1152). The majority's conclusion in this case would subject property owners to liability in situations where I do not believe it was intended. In fact, if the plaintiff in the present case is considered a member of the general public, it is difficult to imagine who would not be and the exception would swallow the rule. Thus, the majority's conclusion undermines the purpose of the exception, which is to protect members of the general public, not employees of the independent contractor charged with the duty to maintain the premises (*see Lopes v Rostad,* 45 NY2d 617 [nondelegable duty of county to maintain highways in safe condition did not apply to employees of an independent contractor working on a construction project]).

Accordingly, I would reverse the order of the Supreme Court and grant summary judgment to Citibank.