LEONARD PODLASKI et al., Respondents, v LONG ISLAND PANELING CENTER OF CENTEREACH, INC., Respondent-Appellant, and ARG CONCRETE CORP., Appellant-Respondent, et al., Defendants. [873 NYS2d 109]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant ARG Concrete Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated December 26, 2007, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Long Island Paneling Center of Centereach, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismiss-

ing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by the defendants Long Island Paneling Center of Centereach, Inc., and ARG Concrete Corp.

The injured plaintiff, Jacqueline Podlaski, allegedly fell into a sinkhole located near the front walkway of commercial property owned by the defendant Long Island Paneling Center of Centereach, Inc. (hereinafter Long Island Paneling). Prior to this incident, Long Island Paneling had completed a construction project encompassing the area of the walkway and had employed the defendant ARG Concrete Corp. (hereinafter ARG) to, inter alia, excavate the area. The plaintiffs commenced the instant action against Long Island Paneling and ARG, among others, to recover damages for, inter alia, personal injuries sustained by the injured plaintiff as a result of the fall. Long Island Paneling moved, and ARG cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied the motion and the cross motion. We affirm.

Long Island Paneling failed to satisfy its prima facie burden on its motion for summary judgment (*see generally GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; CPLR 3212 [b]). As the owner of property onto which the public was invited, Long Island Paneling had "a nondelegable duty to provide the public with a reasonably safe premises" (*Backiel v Citibank*, 299 AD2d 504, 505 [2002]). Thus, even if ARG created the hazardous condition that resulted in injury to the plaintiff Jacqueline Podlaski, Long Island Paneling may not, contrary to its contentions, avoid liability to the plaintiffs for its alleged failure to maintain the walkway area in a safe condition (*see LoGiudice v Silverstein Props., Inc.*, 48 AD3d 286, 287 [2008]; *Backiel v Citibank, N.A.*, 299 AD2d at 508; *Thomassen v J & K Diner*, 152 AD2d 421, 423-424 [1989]). We note that the plaintiffs need not establish that Long Island Paneling had notice of the sinkhole, since this dangerous condition allegedly was created by its agent, the independent contractor ARG (*see Richardson v Schwager Assoc.*, 249 AD2d 531, 532 [1998]; *June v Zikakis Chevrolet*, 199 AD2d 907, 909 [1993]).

Inasmuch as ARG's cross motion for summary judgment was made more than 120 days after the note of issue was filed, it was untimely (*see* CPLR 3212 [a]; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]; *Brill v City of New*

*York*, 2 NY3d 648, 652 [2004]). Since no good cause was articulated by ARG for its late filing, its cross motion for summary judgment was properly denied as untimely (*id.*; *see Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 743 [2007]; *Jones v Ricciardelli*, 40 AD3d 936 [2007]). Moreover, since the grounds upon which ARG premised its cross motion were not nearly identical to those upon which Long Island Paneling relied in connection with its motion (*see Bickelman v Herrill Bowling Corp.*, 49 AD3d 578, 580 [2008]; *cf. Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]), there is no basis upon which we may impute good cause for ARG's delay in submitting its cross motion. Mastro, J.P., Florio, Balkin and Eng, JJ., concur. [*See* 2007 NY Slip Op 34251(U).]