DONNA FORMINIO, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [892 NYS2d 134]—

As the plaintiff was alighting from a bus owned and operated by the defendant New York City Transit Authority (hereinafter the appellant), she tripped and fell, allegedly as a result of an elevation differential between the curb and an adjacent plot of dirt. After issue was joined in the present action, the appellant moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan,* 73 NY2d 844, 846 [1988]; *see Ajayi v New York City Tr. Auth.,* 28 AD3d 502 [2006]). In support of its motion, the appellant submitted evidence sufficient to establish as a matter of law that it satisfied its duty. There is nothing in the record, including, inter alia, photographs of the site of the accident, to indicate that the appellant was aware, or reasonably should have been aware, of any defect in the area near the bus stop where the plaintiff tripped and fell (*see Diedrick v City of New York,* 162 AD2d 496, 497 [1990]).

In opposition to the appellant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]).

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Belen, Hall and Austin, JJ., concur.