■ Valerie Grizzell et al., Appellants, v JQ Associates, LLC, et al., Respondents. [973 NYS2d 268]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Diamond, J.), dated June 22, 2012, which granted the motion of the defendants Metropolitan Suburban Bus Authority, doing business as MTA Long Island Bus, and Metropolitan Transportation Authority, doing business as MTA Regional Bus Company, and the cross motion of the defendants JQ Associates, LLC, JQ II Associates, LLC, JQ III Associates, LLC, and We're Associates, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with costs, and the motion and the cross motion are denied.

The plaintiff Valarie Grizzell (hereinafter the injured plaintiff) was injured when she fell while alighting from an MTA Long Island bus that allegedly stopped adjacent to a speed bump in a private roadway located within an office complex. The injured plaintiff alleges that she stepped out of the front door of the bus onto the speed bump, and then slipped and fell. She did not see the speed bump until after she fell. The injured plaintiff initially testified at her deposition that she fell because there was sand on the speed bump, but later testified that she fell merely from stepping onto the speed bump, and her fall had nothing to do with the sand on the speed bump. An MTA bus driver who drove the route, but did not recall if he actually drove the bus in question on the day of the accident, testified that MTA policy, as set forth in the training manual for drivers, was not to let passengers off the bus at speed bumps. He testified that dropping people off the bus at speed bumps was not allowed, because the surface was uneven.

The Supreme Court erred in granting the motion of the defendants Metropolitan Suburban Bus Authority, doing business as MTA Long Island Bus, and Metropolitan Transportation Authority, doing business as MTA Regional Bus Company (hereinafter together the MTA defendants), for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The MTA defendants failed to establish, prima facie, that they fulfilled the duty to alighting passengers to stop at a place where they may safely disembark and leave the area (*see Malawer v New York City Tr. Auth.*, 6 NY3d 800 [2006]; *Forminio v City of New York*, 68 AD3d 924, 925 [2009]; *Napoli v Ambus, Inc.*, 31 AD3d 623 [2006]; *Georges v Rajnarine*, 277 AD2d 283 [2000]). Triable issues of fact exist as to whether the driver was aware, or reasonably should have been aware, of the

presence of a speed bump in the subject location, whether the speed bump constituted a dangerous condition, and whether the driver should have stopped the bus at the designated stop or another location not adjacent to a speed bump (*cf. Forminio v City of New York*, 68 AD3d at 925; *Cuellar v City of New York*, 5 AD3d 530 [2004]; *Diedrick v City of New York*, 162 AD2d 496 [1990]). There is also a triable issue of fact as to whether the driver failed to see that which should have been seen through the reasonable use of one's senses and was, therefore, negligent (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]; *Wilson v Rosedom*, 82 AD3d 970 [2011]). The injured plaintiff's failure to positively state whether sand on the speed bump contributed to her fall was not fatal to her cause of action, because the evidence was sufficient to permit a finding based on logical inferences from the record, and not speculation alone, that the placement of the bus was a proximate cause of the accident, regardless of whether there was sand on the speed bump (*see Seelinger v Town of Middletown*, 79 AD3d 1227 [2010]; *Macri v Smith*, 12 AD3d 896 [2004]).

The Supreme Court also erred in granting the cross motion of the defendants JQ Associates, LLC, JQ II Associates, LLC, JQ III Associates, LLC, and We're Associates, Inc. (hereinafter collectively the JQ defendants), for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The JQ defendants, as owners and operators of the office complex, which was open to the public, had a nondelegable duty to provide the public with reasonably safe premises and a safe means of ingress and egress (*see Sarisohn v 341 Commack Rd., Inc.*, 89 AD3d 1007 [2011]; *Backiel v Citibank*, 299 AD2d 504, 506-507 [2002]; *Arabian v Benenson*, 284 AD2d 422 [2001]). This duty may not be delegated by the owner to its agents or employees, or to an independent contractor (*see Backiel v Citibank*, 299 AD2d at 507). The plaintiffs need not establish that the JQ defendants had notice of the alleged dangerous condition, as it was allegedly created by the JQ defendants or their agent (*see Podlaski v Long Is. Paneling Ctr. of Centereach, Inc.*, 58 AD3d 825 [2009]). The JQ defendants failed to establish, prima facie, that they did not create a dangerous condition on the premises in placing the speed bump, or causing it to be placed, in the subject location. There are triable issues of fact as to whether the speed bump constituted a dangerous condition or was readily visible to a disembarking bus passenger, given its location near the bus stop, and given the conflicting testimony as to whether the speed bump was painted yellow (*see Legon v Petaks*, 70 AD3d 457 [2010]; *cf. Buccino v City of New York*, 84

AD3d 670 [2011]; *Paulo v Great Atl. & Pac. Tea Co.*, 233 AD2d 380 [1996]). Furthermore, triable issues of fact exist as to whether the circumstances were such as to render the subject speed bump a trap for the unwary (*see Zhuo Zheng Chen v City of New York*, 106 AD3d 1081 [2013]; *Harris v 11 W. 42 Realty Invs., LLC*, 98 AD3d 1084 [2012]; *Acevedo v New York City Tr. Auth.*, 97 AD3d 515 [2012]). Some visible hazards, because of their nature or location, are likely to be overlooked. The facts here do not warrant concluding as a matter of law that the speed bump was so obvious that it would necessarily have been noticed by any careful observer, so as to make any warning superfluous (*see Hayes v Texas Roadhouse Holdings, LLC*, 100 AD3d 1532 [2012]; *Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199 [2004]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31748(U).]**