In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated July 9, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff, a salesperson who was employed by the defendants as an independent contractor, allegedly tripped and fell on a hazardous condition created by another salesperson, an independent contractor retained by the defendants, near the entrance of the defendants’ showroom. As a result, the plaintiff commenced this action against the defendants. The Supreme Court denied the defendants’ motion for summary judgment dismissing the complaint.
As a general rule, a party who engages an independent contractor is not liable for the independent contractor’s negligent acts (see Kleeman v Rheingold, 81 NY2d 270, 273 [1993]). One of the exceptions to this general rule is the “nondelegable duty exception, which is applicable where the party ‘is under a duty to keep premises safe’ ” (Backiel v Citibank, 299 AD2d 504, 505 [2002], quoting Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]). Whenever the general public is invited into stores, office buildings, and other places of public assembly, “the owner of such premises is charged with the duty to provide members of the general public with a reasonably safe premises, including a safe means of ingress and egress” (Thomassen v J & K Diner, 152 AD2d 421, 424 [1989]; see Podlaski v Long Is. Paneling Ctr. of Centereach, Inc., 58 AD3d 825, 826 [2009]; LoGiudice v Silverstein Props., Inc., 48 AD3d 286, 287 [2008]; Backiel v Citibank, 299 AD2d at 505; Richardson v Schwager Assoc., 249 AD2d 531 [1998]).
Here, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law. The evidence submitted in support of the motion, including the deposition testimony of the parties, did not demonstrate, prima facie, that *870 the incident did not occur in a public area or that the plaintiff was not a person protected under the nondelegable duty exception (see Backiel v Citibank, 299 AD2d 504 [2002]). The defendants’ remaining contentions are without merit. Since the defendants failed to establish their entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiffs opposition papers.
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.