Sultan v 6810 Wai, Inc. (2025 NY Slip Op 01966)

Sultan v 6810 Wai, Inc.

2025 NY Slip Op 01966

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-06858
 (Index No. 524472/17)

[*1]Mohamed Sherif Sultan, appellant,
v
6810 Wai, Inc., respondent, et al., defendants (and a third-party action).

Elefterakis, Elefterakis & Panek (Eileen Kaplan and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Ahmuty, Demers & McManus (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated April 10, 2023. The order granted the motion of the defendant 6810 Wai, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant 6810 Wai, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
On October 16, 2016, the plaintiff allegedly was injured by a falling cement bucket as he attempted to enter a hookah bar located on the ground floor of a property owned by the defendant 6810 Wai, Inc. (hereinafter 6810 Wai). On the day of the incident, an independent contractor was completing repairs to the facade of the building, through the use of a hanging scaffolding system.
The plaintiff commenced this action against, among others, 6810 Wai to recover damages for the injuries he allegedly sustained in connection with the accident. Following discovery, 6810 Wai moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated April 10, 2023, the Supreme Court granted the motion. The plaintiff appeals.
In a premises liability case, a property owner, or person in control of real property, has the duty to "act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]; see Saunders v Nostrand 1543, LLC, 230 AD3d 1261, 1262). "[T]he well-settled general rule provides that a party who retains an independent contractor is not liable for the negligence of the independent contractor because it has no right to supervise or control the work" (Backiel v Citibank, 299 AD2d 504, 505; see Kleeman v Rheingold, 81 NY2d 270, 273). [*2]"An exception to this general rule is the nondelegable duty exception, which is applicable where the party is under a duty to keep premises safe" (Backiel v Citibank, 299 AD2d at 505 [internal quotation marks omitted]; see Podlaski v Long Is. Paneling Ctr. of Centereach, Inc., 58 AD3d 825, 826). "Where, for example, premises are open to the public, the owner has a nondelegable duty to provide the public with a reasonably safe premises and a safe means of ingress and egress" (Backiel v Citibank, 299 AD2d at 505; see Buehler v Town of Pawling, 211 AD3d 794, 794; Thomassen v J & K Diner, 152 AD2d 421, 424).
Here, 6810 Wai failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, as its submissions demonstrated that it had a nondelegable duty to the plaintiff. The ground floor hookah bar was open to the public during the construction work, which created a nondelegable duty to the general public to maintain a safe ingress and egress, and, thus, 6810 Wai could be held liable for any negligence of its independent contractor (see Backiel v Citibank, 299 AD2d at 505; Thomassen v J & K Diner, 152 AD2d at 424). Since 6810 Wai failed to meet is initial burden as the movant, the Supreme Court should have denied its motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of the foregoing, we need not reach 6810 Wai's remaining contentions.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court